## Caleb Titus *vs.* The inhabitants of Frankfort.

An action against a town to recover damages caused by defects in a highway, is a transitory action; and may be brought in the county where the plaintiff lives, if he live within the State.

This was an action on the case brought in the county of *Penobscot* by the plaintiff, an inhabitant of *Brewer* in that county, against the inhabitants of *Frankfort* in the county of *Waldo*, for damages alleged to have been sustained by reason of want of repair and defects in and obstructions placed upon a bridge, part of a highway within the town of *Frankfort*. The defendants pleaded in abatement, that the cause of action was local in its nature, and that therefore it could not be maintained in the county of *Penobscot*, but should have been brought in the county of *Waldo*. To this plea there was a demurrer.

The case was argued in writing, by *P. Chandler* and *A. W. Paine*, for the plaintiff, and orally, by *W. Kelley*, for the defendants.

*The counsel for the plaintiff* contended, in support of the demurrer: —

1. In all actions *ex delicto* for injuries to the person or to personal property, the venue is in general transitory. 1 *Chitty on Pl.* 271, 272; 1 *Com. Dig. Action, N* 12.

2. Personal actions, such as seek nothing more than the recovery of money or personal chattels of any kind, are in most cases transitory, whether they sound in tort or in contract. *Gould on Pl.* 119. Nor is this case one that can be included in the exception, " as arising out of some local subject," the nature of the action being determined by the right; and wherever that is *personal,* the action is transitory. It is like cases of imprisonment. *Gould on Pl.* 119; 1 *Chitty on Pl.* 272. Or like the case put by *Chitty* of an action for " setting a defamatory mark on plaintiff's house." ·11 *East,* 227. Or in actions against sheriffs, the right affected being personal. *Marshall* v. *Hosmer,* 3 *Mass. R.* 23; *Foster* v. *Baldwin,* 2 *Mass. R.* 569; 1 *Caines,* 1. Or like pauper actions between towns.

3. This action is not a penal action, as it is not brought for any penalty, but for actual damages sustained by the culpable neglect of the defendants. But if the statute under which this action is brought be penal, still the action would be transitory. The *stat.* 21 *Jac.* 1, *c.* 4, § 2, of which our *stat. c.* 49, is a transcript, provides only, that such actions as are brought for the penalty *by an informer* shall be local. Actions brought by a party " aggrieved by the offence prohibited, are still transitory at common law."] *Gould on Pl.* 130; 1 *Bac. Abr. Action qui tam, C;* 1 *Show.* 354. Nor does the language of the statute, giving the plaintiff this action, make the action local. Where the action is intended to be local, the statute makes it so in express terms, as in *stat.* 1821, *c.* 91, § 6; *stat. c.* 33, § 6.

4. Although this highway might have been a public nuisance, still the actions accruing in consequence of such nuisance is local only when the injury complained of is to houses and lands. *Gould on Pl.* 116; 2 *East,* 497. When the nuisance affects personal rights, the action is transitory. 1 *Chitty on Pl.* 272; *Gould on Pl.* 119; *Mostyn* v. *Fabrigas,* 1 *Cowper,* 160.

5. A strong argument arises from the fact, that similar cases have frequently occurred in practice, and have been ably contested, and

yet this question never before was raised. *Frost* v. *Portland*, 2 *Fairf.* 271 ; *Estes* v. *Troy*, 5 *Greenl.* 368.

*For the defendants* it was argued, that the action was local, and could be maintained only in the county of *Waldo.*

1. By the common law all actions were originally local, although a wrong venue would be cured by a verdict, and it was necessary to take advantage of it by plea in abatement. *Gould on Pl.* 136, 137, 149, 150. The statutes have changed the law only where the action is strictly personal.

2. The action is local, because it is for a *penalty* enforced upon the town. No action at the common law lies against a town for damages of the nature claimed in this case. *Mower* v. *Leicester*, 9 *Mass. R.* 247. The original act, giving double damages, was clearly penal. *Lobdell* v. *New-Bedford*, 1 *Mass. R.* 153 ; *Mower* v. *Leicester*, before cited. No particular sum is necessary to be mentioned to make a statute penal. 6 *Bac. Abr.* 390.

3. The action is local, because it arises out of a local subject. The cause of the alleged injury was a public nuisance, and actions for injuries sustained thereby are local. *Angel on Water Courses*, 84 *to* 88 ; *Gould on Pl.* 115, 116 ; 3 *Black. Com.* 167, 215, 218 ; *Mersey and Irwell Navigation Co.* v. *Douglass*, 2 *East*, 497 ; 1 *Chitty on Pl.* 270 ; 1 *Com. Dig.* 305 ; 5 *Bac. Abr.* 150, *Nuisance ; Am. Jurist, No.* 27, *Opinion of Parsons C. J.*

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

EMERY J. — It is apparent from the agreement signed by the counsel of the parties in this case, that it is presented to us with a view of obtaining a decision only on the point, whether the action is local. We are therefore relieved from any very particular examination of the declaration, or plea in abatement, and take it for granted, that they are all they should be in substance, and in form, to raise the question of locality. For the defendants, it is insisted, that the action is local, that damages given by the statute directing the method of laying out and making provision for the repair and amendment of highways, and an act in addition to the several acts now in force, respecting highways, are in the nature of a penalty, that penal actions are local by the common law, and by our law.

Titus *v.* Frankfort.

That the plaintiff seeks redress for a nuisance to his right of ease-ment or passage, and that trespass or case for nuisance to land is confessedly local, and that therefore this is local.

By the statute of *Maine, c.* 118, *s.* 17, to which allusion is first made, the person injured through defect of necessary repair of any highway, causeway, or bridge, shall and may recover of the county, town, the person, or persons, who are by law obliged to keep the same in repair, in case they had reasonable notice of the defect, double the damages thereby sustained, by a special action of the case, before any court proper to hear and determine the same.

The statute *c.* 300, passed *Feb.* 23, 1825, vol. 3, of *Maine Laws,* 140, enacts that instead of double damages given by the seventh section of the act aforesaid, the party recovering damages in manner therein mentioned shall be entitled to single damages only. A mistake evidently occurred in naming the number of the section, *seventh,* instead of *seventeenth.* The *seventh* section pro-vides that when the owner of land and a corporation both petition for an alteration of damages estimated for laying out a highway, the court may determine both applications by one jury or commit-tee. This could not be the section intended. It was manifestly the *seventeenth.* And the practical construction has been so ever since, in giving single damages only in actions of this description.

By our statute regulating judicial process and proceedings, *c.* 59, *s.* 9, it is enacted, that when the plaintiff and defendant both live within the State, *all personal* or transitory actions shall be brought in the county where one of the parties lives. And when an action shall be commenced in any other county, than as above directed, the writ shall abate, and the defendants shall be allowed double costs. And in the 45th section of the same statute, it is further enacted, that in all informations to be exhibited, and in all actions or suits to be commenced, against any person or persons on the be-half of any *informer* for or in behalf of the State, and any informer for or concerning any offence committed or to be committed against any penal statute, the offence shall be laid and alleged to have been committed in the county, where such offence was in truth committed and not elsewhere. And on trial, if not proved as laid, the issue will be found for the defendant.

The implication is almost irresistable, that in all actions upon statutes brought in behalf of other persons, than an informer, or in behalf of the State and informer, the legislature intended, that the offence may be alleged in any place consistent with the rules of law applicable to personal actions. As defined by *Petersdorf,* 1 vol. 170, personal actions " are those brought for specific recovery of goods and chattels, or for damages, or other redress for breach of contract, or other injuries of whatever description, the specific recovery of lands, tenements, and hereditaments only excepted." Some personal actions may be local.

We have no provision for changing the venue, that is, the place from which the jury are to come for the trial of the action, either in personal or other actions, according to the discretion of the Court, as is practised in *England* and in *New-York.* In *England,* not in transitory only, but in local actions, the court will change the venue if there be an urgent call of justice, not otherwise to be answered. *Anon. Loft.* 49. And the plaintiff has been allowed to bring back the *venue* after plea pleaded. *Bruckshaw* v. *Hopkins, Cowp.* 409. The reason for this is stated in 3 *Black. Com.* 383. " A jury coming from the neighborhood has in some respects a great advantage ; but is often liable to strong objections, especially in small jurisdictions, as in cities which are counties of themselves, and such where assizes are but seldom holden, or where the question in dispute has an extensive local tendency ; where a cry has been raised, and the passions of the multitude inflamed, or where one of the parties is popular and the other a stranger, or obnoxious ;" and he says, " there may be the strongest bias without any pecuniary interest. In all these cases to summon a jury, laboring under local prejudices, is laying a snare for their consciences. And though they should have virtue and vigor of mind sufficient to keep them upright, the parties will grow suspicious and resort under various pretences to another mode of trial."

In the full knowledge of all these difficulties, our statute was passed. And we may infer, that the legislature intended to leave it to the election of the plaintiff, living in the State, in all personal actions, to select his own county, or that of the defendant living in the State, as the theatre, in which he would bring his action to trial for redress, unless otherwise provided by law. It is to be noticed

that in the 10th section of the same act, *c.* 59, a little different phraseology is adopted. It is, " that any *local* or transitory action against the inhabitants of any county in this State shall be commenced either in the county where the plaintiff in such action lives, or in the county against which the action is brought, at the plaintiff's election ;" but in such action if the county be plaintiff, it must be commenced where the defendant lives, unless he be of the same county, in which case, it is to be prosecuted in either of the adjoining counties. So the terms *local* or transitory action are used four times in the 10th, 12th and 13th sections of the act. In the 11th section, it is enacted, that when any corporation shall be a party in any action commenced by or against the inhabitants of any county in this State, in their corporate capacity, the action shall be commenced and prosecuted to final judgment and execution in one of the counties adjoining the county interested in the same.

If it should be conceded, that our act of the legislature, authorizing a recovery against the town, is in the nature of a penal statute, because it provides a suit against a *quasi* corporation of limited municipal powers, not given by the common law, and so being as for a penalty, is to be construed as within the statute of the 21 *James, c.* 4. We must still look to decisions under that, for our guidance in regard to actions upon statutes. It may be questionable, whether that statute was ever adopted in *Massachusetts.* Some of its provisions could not be. We do not find it as one so adopted on the list furnished by Mr. *Dane* in his abridgement.

But actions founded upon statutes are not necessarily considered penal, if the sum recovered in actions under such statutes be confined to what amounts to actual amends. And so is only the means of redress specifically given to the party grieved; they are actions purely remedial. *Rep. temp. Hardw.* 412. A penalty in the very term includes more than the real damages actually suffered. The authorities go so far as to state, that actions by the party grieved are deemed remedial, even when they seek to recover double damages. *Myddleton* v. *Wynn,* in error, *Willes' Rep.* 597 ; *Phillips* v. *Smith, Comyn's Rep.* 284. The damages are to be considered only as a satisfaction to the party. In *England,* that statute applies only to offences, the penalties of which are given to

common informers, and of course, could not apply to suits by the party grieved. *Allen* v. *Stear, Cro. Eliz.* 645. And the limitation imposed by that statute to the bringing of actions, applies to the case of common informers only, or suits for the benefit of the Crown, but does not restrict the party grieved from bringing his action after that time. 2 *Term Rep.* 155, in note, *Spiers* v. *Frederick,* cited in *Woodgate* v. *Knatchbull.* In *Ward* v. *Snell,* 1 *Hen. Black.* 10, which was debt for a penalty of the *habeas corpus* act for refusing the plaintiff, the party grieved, a copy of a warrant of commitment, *Gould J.* says, "This is not a popular action. A right of action vests in the party grieved as soon as the grievance is committed, but it is otherwise of a common informer, who has no interest till judgment." We are clear therefore in considering, that by our own statute, as provided in the 45th section, the prosecution of the action by the plaintiff, the party grieved or injured, is not limited by the terms of that section to be commenced in the county where the offence was committed. The restriction is only to suits by an informer and to informations and suits in behalf of the state, or in behalf of the State and informer. It still remains to ascertain, whether the other part of the objection to the maintenance of the action in this county be tenable. It is said by *Hargrave,* that either because the rules for laying the *venue* were in themselves vague, or because they were perverted by an overcurious interpretation, trivial objections to the *visne* not only became very common, but often succeeded. At length the grievance became so intolerable, that parliament interposed to relieve them by the *stat.* 21 *Jas. c.* 13; 16 & 17 *Cha.* 2, *c.* 8; and 4 & 5 *Anne, c.* 16, in civil cases, and 24 *Geo.* 2, *c.* 18, extended to actions on penal statutes. The practice, however, deviated from the law even as to crimes. And he complains against retaining the form of a *visne* from the particular place of the county in which a crime is alleged, as merely serving to create delay and embarrassment in the distribution of criminal justice. This related, in *England,* to challenges for defect of hundredors. It is true, we have certain statutes which render personal actions local. In *c.* 91 of *Maine Laws, vol.* 1, *p.* 400, *sec.* 6, it is enacted, that any persons aggrieved at the neglect or misdoings of any sheriff or his deputy, or of any coroner, and having first ascertained the amount of his damages

by judgment against the sheriff or coroner, may prosecute the bond of either, in the name of the treasurer; provided, that all such actions on the bonds shall be brought always in the county where the sheriff or coroner shall have been commissioned respectively to act. In *c.* 33, an act to prevent and punish trespasses, *vol.* 1, *Maine Laws, p.* 123, the penalties mentioned in the 1st, 2d, 5th and 6th sections are to be prosecuted in the county where the offence shall be committed. The 6th section also provides, that the person so offending shall be also liable to the party injured in a sum equal to three times the value of the grass, hay, fruit, vegetable, or shrub taken, to be recovered by action of the case, in any court of competent jurisdiction.

In the case cited from 2 *East,* 497, *The Company, &c. of the Mersey & Irwell Navigations* v. *Douglass,* which was an action of the case for a nuisance, for diverting the waters of a navigation, *Le Blanc J.* says, "neither is it necessary in actions of this kind to give a local description either to the property injured, or to the thing which caused the injury; but it is sufficient to state what the property injured was, and that it was so injured by the defendants. In this case therefore, it was not necessary to prove that the river *Irwell,* or any part of it, was within the town of *Preston,* or that the weir by which the obstruction was caused, was within the same place; but the whole may be referred to matter of *venue."* Lord *Ellenborough* said, "it is sufficient to describe the substance of the injury in order to give the other party notice of what he is to defend; and it is sufficient in the form of pleading to *allege* the gravamen at any place within the body of the county. Therefore the manner in which it is here stated ought rather to be referred to *venue* than to local description. If indeed local description were necessary to be laid in this species of action, it might be doubtful, whether this manner of laying it were to be referred to the one or the other, though I do not think it necessary to be so laid."

The argument of *Erskine* was, that what constitutes this a local action is the locality of the *plaintiff's possession* within the body of the county, and not the locality of the injury in this or that part of it. If before the *stat.* of *Anne,* it would have been necessary to have stated the particular vill, &c., it is no longer so since the statute, unless where local description is necessary.

Titus *v.* Frankfort.

In *Mostyn* v. *Fabrigas, Cowper*, 161, cited for the plaintiff, *Ld. Mansfield* says, " there is a formal, and a substantial distinction as to the locality of trials. The substantial is, where the proceeding is *in rem* where the effect of the judgment cannot be had, if it be laid in a wrong place. The law makes a distinction between transitory and local actions. If the matter which is the cause of a transitory action arises within the realm, it may be laid in any county. The place is not material, and if an imprisonment in *Middlesex*, it may be laid in *Surry*, and though proved to be done in *Middlesex*, the place not being material, it does not at all prevent the plaintiff recovering damages. The place of transitory actions is never material except where by particular acts of parliament it is made so."

In *Jeffries* v. *Duncombe*, 11 *East*, 225, cited by the plaintiff's counsel, which was an action of the case for setting up a certain lamp in front of and near adjoining to the dwellinghouse of the plaintiff, and causing the same to be lighted and kept burning in the daytime, &c., thereby intending to mark out the said dwellinghouse of the plaintiff, as a bawdy house, &c., *Lord Ellenborough* says, " this is not a local injury. The house indeed is local, but the imputation meant to be conveyed by the nuisance is not against the property, but against the man who occupies it. And the place mentioned is mere matter of *venue* and not of local description." This case serves to show, that there continued down to the time when it was decided, in 1809, a disposition to carp at the mode of presenting to the court a case of consequential injury to the person, when the cause of action arose in a particular place, though immaterial, and the readiness with which the court, in the pursuit of justice, discountenanced such objections.

In *Peirce* v. *Atwood*, 13 *Mass. R.* 354, *Parker C. J.* says, " we believe the legislature in the use of the phrase transitory actions had reference to the general common law division of actions into transitory and local, and not to such actions as by any particular statute of *England* were confined to particular counties. This general statute provision," referring to *stat.* of 1784, *c.* 28, *sec.* 13, of which our statute, *c.* 59, *sec.* 9, is a transcript, " for the bringing of actions, would of course repeal any preexisting *English* statute, which might have received force here by usage and adoption."

Titus *v.* Frankfort.

It is true, that the inhabitants of a town must be in some particular county. But there is no difference, for that cause, between an action by an individual, against an individual or against a corporation. It is true, that highways within a town must be local. It is equally true, that an injury to a traveller arising from defect of necessary repair in the highways, might occur in any county in the State. The right to pass in the road, if it be an easement, is just as perfect to the plaintiff, as to every inhabitant of the town. They may use it together. Yet they are not strictly tenants in common. Neither has a freehold in it. It may be discontinued. Neither seeks to establish a title to the land, nor does the plaintiff ask for compensation for any actual trespass on the land. But the law fixes on the defendants the obligation to repair this highway, just such a kind of obligation as is enjoined on the inhabitants of the town, in another county, of which the plaintiff is an inhabitant.

The neglect of the defendants to do their duty, as in this discussion we must suppose, which has occasioned the injury to the plaintiff, is of a transitory character, a nonfeasance. It constitutes a personal action *ex delicto* and is transitory.   *Arch. Plead.* 62, 87 ; *Co. Lit.* 282 ; 1 *Wils.* 336.   " Even where the offence against a penal statute is merely the omitting to do something prescribed by it ; it should seem, that the offence is not local, and an action for the penalty given for the breach of it, may be brought any where."

The case of *Grimstone* v. *Molineaux, Hobart,* 251, is cited in support of this position. The case is not inserted at length in the valuable edition published under the supervision of Judge *Williams,* but through the politeness of a learned friend, who was possessed of one of the old publications of *Hobart,* I am enabled to present a verbatim copy of the whole report. It is, " Information *Grimstone* v. *Molineaux, Knight, & his Wife,* for the recusancy of his wife, upon the *stat.* 23 *Eliz.* The defendant prayed judgment of the information, and pleaded a *stat.* of 31 *Eliz.,* that for that offence, among others, the action should be brought in the county where the offence was committed, and avers, that the wife was inhabiting in *Lancaster* at the time, &c. *absque hoc,* &c. in *London.* Whereupon a demurrer. *Vide* 21 *Jac.* 1, *cap.* 4.

" NOTE. — This offence is not in committing, but in omitting, and nonfeazans." ·

" No judgment appears to be given, but the note added by the reporter," as suggested by *Espinasse,* on penal statutes, 83, " seems to indicate the opinion of *Lord Hobart,* as to the distinction of the nature of the offence." And the reasoning is, " The commission of an offence may be well ascertained or fixed to the county or place where committed ; but when the offence is an omission only, that seems to be merely personal, of course no locality attached to it."

In the case, *Frost v. The Inhabitants of Portland,* speaking of the liability of towns to respond in damages for injuries of this sort, the present Chief Justice remarks, " Whether it might not have resulted from the section imposing the duty to repair need not be decided, as another section of the same statute gives the remedy to the party injured in express terms. The law has for adequate reasons, imposed upon towns both the duty and liability." It deserves notice too, that in that action, defended with the highest ability and perseverance, the learned counsel for the defendants did not consider it important to urge the objection to the maintenance of the action which has now been introduced. As soon as the injury was suffered, the law having made it the defendants' duty, which they omitted, to keep the highway in repair, safe and convenient for the citizens at all seasons of the year to pass and repass, there vested in the plaintiff the right to recover the damage, which he sustained. The action of debt would have been the proper remedy, had not an action of the case been prescribed by the statute. 6 *Mod. Rep.* 27, *Anon.* The right of action accrued to the plaintiff against the defendants on their liability, as of a personal and transitory nature. And we consider, that the plaintiff has rightly brought his action in the county in which he lives. Accordingly we adjudge, that the defendants answer over to the merits, as has been agreed.