# ISAAC MANSFIELD & *al. vs.* JONATHAN H. C. WARD.

An action against the defendant for having knowingly and wilfully made a false answer, when summoned as a trustee at the suit of the plaintiff on the *stat.* 1821, *c.* 61, § 12, "concerning foreign attachments," is a penal action, and must be brought within one year from the time the trustee was discharged by judgment of Court, or it will be barred by the *stat.* 1821, *c.* 62, *sec.* 14, limiting penal actions to one year.

THIS was a special action on the case against the defendant, for having knowingly and wilfully made a false answer when summoned as trustee at the suit of the plaintiff, brought on the *stat.* 1821, *c.* 61, *sec.* 12, which provides, "that any person summoned as a trustee, who shall on examination, &c. knowingly and wilfully answer falsely, &c. shall out of his own proper estate be liable and subject to pay to the plaintiff in the action, his executors or administrators, the full amount of such judgment, as he, they, or any of them, may have recovered against the principal, in case the same be unsatisfied; otherwise, such part thereof as may remain unsatisfied, together with the legal interest thereof, and double costs of suit, to be recovered in a special action on the case."

At the trial before SHEPLEY J., it was admitted, that the action was not commenced within one year from the time the trustee was discharged by judgment of Court. The Judge thereupon was of opinion, that the action was barred by the statute of limitations, as a penal action. The plaintiffs then submitted to a nonsuit, which was to be taken off, if it be not so barred.

*Fessenden & Deblois* cited and commented upon the *stat.* 1821, *c.* 61, *sec.* 12, and the statute limiting penal actions to one year, *stat.* 1821, *c.* 62, *sec.* 14, and contended, that the twelfth section of the foreign attachment law, in giving the right of action to the plaintiff, his executors or administrators only, is not in this respect a penal statute, but a remedial statute. Statutes against frauds are called remedial statutes, and are to be construed liberally and beneficially. *Twyne's Case,* 2 *Coke's R.* 82; 6 *Dane, c.* 196, *sec.* 17; 3 *Inst.* 381, *b*; 2 *Co. R.* 7; *Cro. Car.* 532. It is remedial, because the plaintiff can recover only so much as he has lost by the fraud of the trustee. And this was the construction put on the *stat.* 9 *Ann, c.* 14, against gaming. 2 *Bl. Rep.* 1226; *Com. Dig. Action on*

Mansfield v. Ward.

*Stat. A* 1. Where the sum to be recovered, is given to the *party grieved* only, the statute is remedial. As in actions to recover three times illegal fees taken. 2 *T. R.* 148. In case of false return of a member of parliament. *Willes,* 597; 1 *Wilson,* 125. In case of wilful holding over by a tenant. 5 *Burr.* 2694. It is remedial where the whole penalty is given to the party grieved. *Yelv.* 53, *and note.* A penalty must be created by express words. 2 *Johns. R.* 379. This statute is remedial, because it is extended to executors and administrators, and does not die with the person to whom the wrong is done. *Bac. Ab. Ex. & Ad. P.* It is considered remedial in *Whitman* v. *Hunt,* 4 *Mass. R.* 272. The remedy is extended farther than we claim in *Coffin* v. *Cottle,* 16 *Pick.* 385. If the sum to be recovered had been given to an informer, or to any one who sued, the provision might be deemed penal. But here the person suffering the injury, and he alone must bring the suit, and the statute is remedial. *Commonwealth* v. *Howes,* 15 *Pick.* 231; 1 *Tidd's Prac.* 14; 1 *Shower,* 353. The ground of the action is fraud, and the year, if limited to that, should commence at the time when the fraud is discovered, and not from the time of judgment. *Welles* v. *Fish,* 3 *Pick.* 74; *Homer* v. *Fish,* 1 *Pick.* 435; 1 *Strange,* 253. Merely giving double costs does not make the statute penal. *Willes,* 597.

*Codman & Fox,* for the defendant, contended, that the section of the statute on which the action is founded is penal, and within the limitation of one year against penal actions. When a statute acts upon the offender and inflicts a penalty, it is to be taken as a penal statute, and construed strictly. 1 *Bl. Com.* 88. It is penal because it makes the offender guilty of perjury; because it gives double costs; and because if the trustee swears falsely as to a single dollar, he is compelled to pay the whole amount of the debt, however large it may be. Statutes far less penal than this have been held penal. Statute relating to costs. 4 *Bac. Ab.* 79, 80. For rendering a false account of duties. 1 *Bos. & P.* 51. Statute against usury. *Peake's Cases,* 164. Statute compelling executors to present a will for probate, within thirty days. *Hill* v. *Davis,* 4 *Mass. R.* 137; *Moore* v. *Smith,* 5 *Greenl.* 490. Laws restraining the taking of fish. *Boutelle* v. *Nourse,* 4 *Mass. R.* 431; *Melody* v. *Reab, ib.* 471. Statute restraining livery stable keepers

from giving credit to undergraduates. *Soper* v. *President, &c. Harvard College,* 1 *Pick.* 177. Statute for the suppression of lotteries. *Nichols* v. *Squire,* 5 *Pick.* 168; *Commonwealth* v. *Howes,* 15 *Pick.* 231. Statutes against taking logs. *Frost* v. *Rowse,* 2 *Greenl.* 130; *Little* v. *Thompson, ib.* 228. Statute respecting false certificate of witness. *Chesley* v. *Brown,* 2 *Fairf.* 143. Statute for selling spirituous liquors without license. *Wiscassett* v. *Trundy,* 3 *Fairf.* 204.

The opinion of the Court was by

SHEPLEY J. — The twelfth section of the act of 1821, *c.* 61, provides, that any person summoned as trustee, who shall upon his examination, knowingly and wilfully answer falsely, shall be adjudged guilty of perjury ; and shall also be liable to pay to the plaintiff in the action, his executors or administrators, the full amount of such judgment or such part of it as may remain due, with interest and double costs. And the question is, whether an action brought upon it is within the fourteenth section of the *stat. c.* 62, requiring that actions upon any penal statute for a forfeiture, shall be commenced within one year after the offence committed. The party, who knowingly answers falsely, is not only to be punished for the crime of perjury, but however trifling may be the amount supposed to be entrusted to him, is subjected to pay the whole debt, be it ever so large. Nor is it necessary, that the plaintiff should show, that he has suffered any loss or injury by reason of such false answer. It is sufficient for him to prove such falsehood, and that the judgment remains unsatisfied. The statute provision is in effect, that one party in such case may be compelled to pay to the other his whole debt, although he has not actually injured him, or occasioned him any loss ; and the only ground of recovery upon such proof must be punishment of the person guilty of the offence. The recovery cannot be to compensate the plaintiff for an injury, but he recovers because he is authorized thus to punish the offender. Examining the statute, unbiassed by technical reasoning, or by decided cases, and one is irresistibly brought to the conclusion, that a statute which subjects one person to pay to another, whom he has not actually injured by his offence, an amount of money, limited only by the amount which one may owe

another, must be a penal statute; and that an action upon it, in which the party recovering is not obliged to prove any debt due to him from, or injury occasioned him by the defendant, must be a penal action.

Has the phrase " penal statute" acquired such a legal or technical meaning, that it is to be considered, that the legislature used it in that particular sense ? It is contended, that there is a distinction between remedial and penal statutes, and that no statute is considered penal, when the action is given to the party aggrieved. Admitting the distinction to be correctly stated, is one considered a party aggrieved, who to maintain his action is not required to prove that he has suffered injury ?

*Woodgate* v. *Knatchbull*, 2 *T. R.* 148, was an action on the statute 29 *Eliz. c.* 4, to prevent extortion, which provides, that the officer " shall lose and forfeit to the party grieved his treble damages ;" and when the party, who had been compelled to pay more than legal fees, sued for treble such illegal fees, that part of the statute was considered remedial.

*Wynne* v. *Middleton*, 1 *Wilson*, 125, was an action upon the statute 7 and 8 *W. 3. c.* 7, which provides, that a party aggrieved by a false return of a member to parliament may recover double damages ; and the Court say, " we think that this is not a penal statute, but if it be, it is also a remedial law."

*Wilkinson* v. *Colley*, 5 *Burr*, 2694, was an action on the *stat.* 4 *Geo. 2, c.* 28, which provides, that a tenant wilfully holding over after the determination of his term, and after notice given to quit, " shall pay at the rate of double the yearly value," against the recovering of which said *penalty* there shall be no relief in equity." The reporter says, " they held this to be a remedial law ; the penalty is given to the party aggrieved."

*Bellasis* v. *Burbriche*, 1 *Ld. Raymond*, 170, was case for rescue of a distress for rent, and after verdict for plaintiff a motion was made in arrest for the reason, among others, that it being a penal action, because treble damages were given, the venire was not correctly awarded, and *Powell* said " that it would be a question whether penal actions should be construed to extend to cases where the party grieved brought the action, or whether it should be extended only to common informers."

In these cases it will be perceived that the party aggrieved, in whose favor the statute is considered remedial, is one who, to entitle him to recover, must prove that he has suffered injury.

It is supposed in the argument, that some light may be thrown upon the question by the decisions respecting costs; and that they are not allowed in England in actions on penal statutes, but are on remedial. By the common law, costs were not recoverable in any case. The statute of *Gloucester* gave costs, where the party recovered damages. In *Eaton* v. *Barker*, 3 *Lev.* 374, it was decided that a *qui tam* plaintiff could in no case recover costs, because no debt can be said to be due to him until recovered by a verdict, and he can therefore have no damages for detention. Where a statute gives a sum certain to the party grieved, it has been decided he shall recover his costs, because the penalty being due presently as a compensation for his injury, he suffers damages by the neglect to pay, and is therefore entitled to costs. *North* v. *Wingate, Cro. Car.* 559; *Ward* v. *Snell*, 1 *H. Bl.* 10; *Creswell* v. *Houghton*, 6 *T. R.* 355; *Tyte* v. *Glode*, 7 *T. R.* 267. In these cases, also, the party grieved is the one who has suffered, and must make proof of it before he can recover.

Again it is said, that our statute is a modification of the statute of 31 *Eliz. c.* 5, § 8, and that it has been decided that the statute of *Eliz.* does not extend to an action brought by the party aggrieved. That statute provides, that all actions brought upon any statute penal, whereby the forfeiture is limited to the Queen, shall be brought within two years, and all actions, where the forfeitures are limited to the Queen *and* another that shall prosecute, shall be brought within one year after the offence committed. Two classes of penal actions are here included, those where the penalty is given wholly to the sovereign, and those where it is given partly to the sovereign and partly to a prosecutor or common informer. Hence it was decided in *Culliford* v. *Blandford*, 1 *Show.* 358, that an action for a false return of a member of parliament on that clause of the statute of 23 *H.* 6, which gives to the King a penalty of forty pounds, to the party that should have been returned a like sum, and in his default to sue within three months to any person who would sue for it, was not within that statute, the penalty being given wholly to the party or person sueing, and not to him and the

King jointly. Can it be contended, that the statute, so far as it gave a penalty to any one who should sue for it, in case the party aggrieved should not, was not a penal statute, and the action a penal action? The statute of *Maine* extends to the two classes named in the statute of *Eliz.*, and also to a third class where the penalty is limited wholly to the party or person prosecuting. And it was therefore decided by this court in *Moore* v. *Smith*, 5 *Greenl.* 490, that an action against one named executor for not filing the will agreeably to the eleventh section of the statute, *c. 51*, which gives the whole penalty to the party interested in the estate devised, was within our statute and must be brought within a year.

The decisions as to what actions are within the statute of *Eliz.* throw little light upon the question, because there is a class of penal actions upon penal statutes, though they may be few in number, which are not included within that statute, but are included within ours. It is said, that in this case, the law implies, that the plaintiff is injured, and therefore the action is given to his legal representatives. It may be true, that the probability of an injury to the plaintiff might be the cause of thus extending the right of action. But the matter under consideration, is not the motive for such extension, but whether one who is not obliged to prove an injury, is to be regarded as the party aggrieved; and whether the phrase, penal statute, has such a legal signification, that it cannot be regarded as including a case, where a party may possibly have suffered, but where his right of recovery does not rest upon any proof of injury. No decided case has been brought to the knowledge of the Court, to prove that such a statute is not to be considered in the legal sense of the term a penal statute.

It is not intended to decide, whether there may not be a penal statute, which gives the penalty wholly to one, who to enable him to recover, must prove an actual injury, but only that a statute is to be considered penal, when the party recovering is not obliged to make any such proof of injury.

*Nonsuit confirmed.*