GEORGE N. BLACK *vs.* ISAAC MACE.

Hancock, 1876.—December 21, 1876.

*Pleading. Trial.*

The declaration alleging substantially in the language of the statute the doing by the defendant of the acts for which R. S., c. 95, § 11, gives the injured party the right to recover in an action of trespass a sum equal to three times the value of the property taken, and alleging that these acts were done against the form of the statute in such case made and provided; *held* sufficient, although the declaration did not set forth a claim for treble damages, and did not refer to the statute by which treble damages were given, nor claim statute damages for the acts complained of.

It is not necessary in an action brought under that section to aver or prove that the defendant knew that the plaintiff was the owner of the land and the property taken therefrom.

The jury having been instructed in an action under R. S., c. 95, § 11, giving triple damages for trespass, if they found for the plaintiff, to return a verdict for the actual value of the grass cut and taken away; *held*, that it was proper for the judge to order judgment for thrice the amount of the verdict.

ON EXCEPTIONS.

TRESPASS.

Writ dated September 21st, 1874. Ad damnum $300.

*Declaration.* In a plea of trespass, for that, at said Aurora, on the first day of June last past, and on divers other days and times between said first day of June and the day of the date of this writ, the said defendant entered on certain grass land of the said plaintiff, situated in said Aurora, to wit: on the north ninety-one acres of lottery lot No. 10, said north ninety-one acres being known as the Chatterly place, and did take from said grass land without the permission of the owner, a large quantity of grass, to wit: six tons of grass of great value, of the value of sixty dollars, and of the property of the said plaintiff, against the form of the statute in such case made and provided, whereby said plaintiff was greatly injured.

*Plea*, the general issue.

The defendant introduced evidence tending to show that the plaintiff had been disseised by the lessor of the defendant, and that the defendant entered on the premises described in the writ, and cut grass and carried away hay therefrom by permission of the disseisor, who claimed to have possession.

The judge instructed the jury, if they should find for the plaintiff, to render a verdict for the actual damages, the same being the actual value of the grass cut and taken away.

A verdict was rendered for the plaintiff, for $20. After the verdict, on motion of plaintiff's counsel, the court ordered judgment for $60, and full costs ; and the defendant excepted.

*A. Wiswell & A. P. Wiswell*, for the defendant.

*L. A. Emery*, for the plaintiff.

BARROWS, J. The defendant complains of the order directing judgment to be entered up for treble the damages found by the jury, because he says the declaration sets forth no such claim, and does not refer to the statute by which treble damages are given, nor claim statute damages for the acts complained of. But the plaintiff did allege, substantially in the language of the statute, the doing by the defendant of the very acts for which R. S., c. 95, § 11, gives the injured party the right to recover in an action of trespass a sum equal to three times the value of the property taken ; and he alleges that these acts were done "against the form of the statute in such case made and provided." This was abundantly sufficient to inform the defendant of the nature and extent of the claim.

It was not essential to conclude the declaration with the words, "against the form" &c. *Smith* v. *Montgomery*, 52 Maine, 178.

The action and statute are remedial and not penal. *Frohock* v. *Pattee*, 38 Maine, 103. *Mitchell* v. *Clapp*, 12 Cush. 278.

Nor is the plaintiff required specifically to allege that he is entitled to treble damages for the acts complained of. *Clark* v. *Worthington*, 12 Pick. 571. *Worster* v. *Proprietors of Canal Bridge*, 16 Pick. 541. The character of the acts charged sufficiently distinguishes the suit from one brought under § 9 of the same chapter.

Nor is it necessary under the statute to allege a *scienter* on the part of the defendant. He is bound at his peril to know that he has the consent of the owner before entering upon improved lands and taking property of this description.

The language of the statute is general and comprehensive, and

no reference is made to any particular class, such as the court thought sufficient in *Reed* v. *Davis et al.*, 8 Pick. 513, to relieve those differently situated from a liability to treble damages. If our legislature had designed to limit § 11 to cases of willful and malicious trespass, they would have said so. The jury having been directed to find single damages, the proper course was for the judge to order judgment for thrice the amount of the verdict. *Lobdell* v. *New Bedford*, 1 Mass. 153. *Quimby* v. *Carter*, 20 Maine, 218.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON and VIRGIN, JJ., concurred.

PETERS, J., being a relative of the plaintiff, did not sit.