FRED F. HALL AND NEWTON A. HALL

*vs.*

ALBERT W. HALL.

Knox.    Opinion October 8, 1914.

*Assignment.    Justification.    Notice to Co-tenant.    Penal Statute.    Pleadings. Revised Statutes, Chap. 97, Sec. 5.    Statute of Limitations. Tenants in Common.*

1.   Revised Statutes, Chap. 97, Sec. 5, which provides that if a tenant in common cuts down wood without first giving thirty days written notice to his co-tenants, he shall forfeit three times the amount of damages, is not a penal statute within the meaning of Revised Statutes, Chap. 83, Sec. 97, which requires that actions for any penalty or forfeiture on a penal statute shall be brought within one year after the commission of the offense.

2.   An assignee of a chose in action may bring suit thereon in the assignor's name without filing with the writ a copy of the assignment.

3.   When a defendant would justify or excuse an act which is unlawful unless justified or excused, he must plead the justification.

4.   In an action by tenants in common against a co-tenant for cutting wood without giving written notice, justification by permission must be pleaded.

5.   To allow or refuse leave to a defendant to amend his pleadings so as to set up a justification by license is a matter of discretion, to the exercise of which exceptions do not lie.

On exceptions by defendant.    Exceptions overruled.

This is an action brought under Revised Statutes, Chap. 97, Sec. 5, by two tenants in common against another tenant in common and

undivided land to recover three times the amount of damages done by cutting wood and timber by the defendant on said common and undivided land. The defendant pleaded the general issue and the Statute of Limitations. The jury returned a verdict for the plaintiff.

The case is stated in the opinion.

*E. B. Burpee*, for plaintiffs.

*Rodney I. Thompson*, for defendant.

SITTING: SAVAGE, C. J., BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. This cause is brought under R. S., Chap. 97, Sec. 5, which provides, so far as is necessary to state here, that if a tenant in common of undivided lands cuts down or carries away timber or wood, without first giving thirty days written notice to his co-tenants, he shall forfeit three times the amount of damages; also that any one or more of the co-tenants without naming the others may sue for and recover their proportion of such damages. Joseph Hall, dying in 1895, left five sons, of whom the plaintiffs are two and the defendant is one. Fred F. Hall was then a minor, and by his father's will was to have a living on the place until he should become twenty-one years old, which would be on July 1, 1908. The land upon which the cutting was done came, we assume, from their father, and was undivided and owned by them in common. The defendant cut wood and timber on the premises both before and after Fred F. Hall became twenty-one years old, the latest cutting being in 1910. He gave no written notice as the statute requires. In 1912 Newton A. Hall conveyed his interest in the land, and assigned his claim for the cutting, to his brother, Fred F. Hall. This suit was brought September 15, 1913, in the names of Fred and Newton jointly to recover two-fifths of the damages. The defendant pleaded the general issue and the statute of limitations; nothing else. The trial resulted in a verdict for the plaintiff, and the case comes up on the defendant's exceptions.

I. The first question presented relates to the statute of limitations. The defendant relies on the special statute, R. S., Chap. 83, Sec. 97, which provides that, "Actions and suits for any penalty or forfeiture on a penal statute, brought by a person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year after the commission of the offense; and if no person

so prosecutes, it may be recovered by suit, indictment or information, in the name and for the use of the State, at any time within two years after the commission of the offence, and not afterwards." The contention is that the statute, R. S., Chap. 97, Sec. 5, under which this action is brought, allowing as it does treble damages to the injured co-tenants, is a "penal statute" within the meaning of Chap. 83, Sec. 97, and that actions under it, if not brought within one year after the doing of the damage, are not maintainable. The presiding Justice overruled the contention. We think the ruling was right.

This question has been several times adjudicated by this court, in construing statutes essentially like this one, in that they authorized the recovery of double, treble or quadruple damages for acts forbidden by statute. In *Palmer* v. *York Bank*, 18 Maine, 166, the court said, "As it (the statute then under consideration) gives four times as much damage as is allowed by law for the detention of the other debts, it is certainly penal in character. But as it is given to the party injured, who seeks the recovery of a just debt, to which these increased damages are an incident, we are not satisfied that it is to be regarded properly as a penal action. In *Frohock* v. *Pattee*, 38 Maine, 103, an action under a statute to recover double damages for knowingly aiding a debtor in the fraudulent transfer or concealment of his property, the same special statute of limitations was set up in defense as has been in this case. The court, holding the double damage statute be to remedial and not penal, said that under R. S., 1841, Chap. 146, Secs. 15 and 16, which are now R. S., 1903, Chap. 83, Sec. 97, being the special statute of limitations invoked in this case, only such statutes were to be considered penal statutes as would authorize the commencement of a suit, indictment or information in the name and for the use of the State, and that the double damage statute was not such a statute. In *Black* v. *Mace*, 66 Maine, 49, it was held that a statute, R. S., Chap. 97, Sec. 11, giving treble damages for trespassing upon grass lands, was remedial and not penal. *Quimby* v. *Carter*, 20 Maine, 218; *Philbrook* v. *Handley*, 27 Maine, 53; *Thatcher* v. *Jones*, 31 Maine, 528; *Reed v. Northfield*, 13 Pick., 96. A statute giving a right to recover multiplied damages may be remedial or it may be penal, within the meaning of this statute of limitations. If the right of action be given to the injured party, and the increased damages are only incidental to the general right to recover, the statute and action are remedial. And it is immaterial whether the

statute says that the injured party may recover, or that the offending party shall forfeit to the injured party; the meaning is the same. But if the right of action be given to others than the injured party, the statute and action are penal. See *Cole* v. *Groves*, 134 Mass., 471; in *re Barker*, 56 Vt., 14. R. S., Chap. 97, Sec. 5, under which this action was brought clearly is a remedial statute to which the one year limitation pleaded does not apply.

II. In the next place, the defendant contended that a recovery could not be had of Newton A. Hall's one-fifth. This contention was overruled, and properly. Newton A. Hall, before suit was brought, assigned his claim to the other plaintiff, and the only contention is that a copy of the assignment should have been filed with the writ under the provisions of R. S., Chap. 84, Sec. 146, which was not done. At common law an assignee of a chose in action was obliged to sue in the name of the assignor. The statute in question permits an assignee to sue in his own name, but provides that in such case he must file with the writ the assignment of a copy thereof. Notwithstanding the statute, an assignor if he chooses may still sue in the assignor's name, and if he does so, he is not required to file a copy of the assignment. *Rogers* v. *Brown*, 103 Maine, 478.

III. The defendant did not plead justification or license, but he offered to show in evidence that his operations had been in accordance with a mutual understanding between him and the plaintiffs, which would be of course by license or permission. The evidence was excluded on the ground that this defense had not been pleaded. The exclusion was right. The rule is without exception, we think, that when a defendant would justify or excuse an act which is unlawful unless justified or excused, he must plead the justification. *Daggett* v. *Adams*, 1 Maine, 198; *Rawson* v. *Morse*, 4 Pick., 127; *Ruggles* v. *Lesure*, 24 Pick., 187; 38 Cyc., 1092. In an action of trespass quare clausum fregit, the defendant may show, under the general issue, that he is tenant in common with the plaintiff, because presumably in such case he would have good right of entry. But in the case at bar, which is essentially in the nature of an action of trespass, the statute has limited the rights of tenants in common, and presumably one has not the right to cut wood or timber upon the common land without giving written notice to the others. The act is presumably unlawful. Hence justification must be pleaded.

IV. The defendant at the trial asked leave to amend his pleadings so as to set up a justification by license. The presiding Justice declined to allow the amendment. The allowance of amendments by the trial court is a matter of discretion, to the exercise of which exceptions do not lie. *Clark, Applt.,* 111 Maine, 399.

V. The defendant was asked by his counsel whether he and his brother Fred, the plaintiff, had hired money for the benefit of the place. The answer was properly excluded, as irrelevant and immaterial.

We have examined the other suggestions made by counsel, but find no merit in them. No error appearing, the entry will be,

*Exceptions overruled.*