RAMIE MICHAUD AND DELIA R. MICHAUD
*vs.*
CITY OF BANGOR

Penobscot. Opinion, October 12, 1964.

*Albert C. Blanchard,* for Plaintiffs.

*Abraham J. Stern,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

TAPLEY, J.  On appeal.  The action is for damages only. The basis of the action was the intentional destruction, by

fire, of the plaintiffs' building by order of the City Council of the City of Bangor. In burning the building certain personalty, as well as some raspberry bushes, were destroyed. At the original trial between the same parties judgment was entered upon a verdict directed for the defendant, to which judgment the plaintiffs filed an appeal. *Michaud, et al.* v. *City of Bangor,* 159 Me. 491. In sustaining the appeal the court said, on pages 494, 498:

> "We have at this point a vote by the City Council of Bangor to do an illegal act, which act was executed by the city building inspector and the city fire department."
>
> "The defendant specifically authorized the demolition of plaintiffs' property and sought to accomplish it by subordinates acting not as public officers, but as special agents for whose acts it is responsible."

The case was remanded to the Superior Court for assessment of damages and this appeal is the result of the trial on damages.

Trial was had before a jury in the Superior Court for the County of Penobscot on February 7, 1964.

The jury in rendering its verdict did so by returning the following special findings:

1. The sum of $2775.00 as damages for the loss of value of the real estate as a result of the fire;

2. The sum of $25.00 as damages for the loss of the value of the personalty as a result of the fire;

3. The sum of $50.00 as damages for the loss of value of the raspberry bushes as a result of the fire.

Following the finding of damages by the jury the presiding justice, in a written decision, doubled the amount of actual damages as found by the jury in the case of the build-

ing and personalty and tripled the amount of actual damages found by the jury as to the raspberry bushes. He ordered judgment to be entered for the plaintiffs in the total sum of $5700.00, without interest, plus costs.

The defendant appealed from the judgment, claiming error for the reason that a municipality is not subject to the assessment of double and treble damages under provisions of Secs. 9 and 11 of Chap. 124, R. S., 1954, as amended, because they are in the nature of exemplary and punitive damages which are not legally assessable against a municipal corporation.

The plaintiffs contend that double and treble damages under Secs. 9 and 11 are not within the category of punitive damages but are remedial and are legally proper to be charged against the defendant.

The statutory provisions upon which this action is based are couched in the following language:

> **"Sec. 9. Trespass on lands of another.**—Whoever cuts down, destroys, injures or carries away any ornamental or fruit tree, timber, wood, underwood, stones, gravel, ore, goods or property of any kind from land not his own, without license of the owner, or injures or throws down any fences, bars or gates, or leaves such gates open, or breaks glass in any building is liable in damages to the owner in an action of trespass. If said acts are committed willfully or knowingly, the defendant is liable to the owner in double damages."

> **"Sec. 11. Trespass on improved or ornamental grounds.**—Whoever enters on any grass land, dooryard, ornamental grounds, orchard or garden and cuts down, defaces, destroys or takes therefrom, without permission of the owner, any grass, hay, fruit, vegetable or ornamental tree or shrub is liable in an action of trespass to the party injured in treble damages."

The Law Court determined in *Michaud, et al.* v. *City of Bangor, supra,* that the act of burning plaintiffs' property was performed by "subordinates acting not as public officers, but as special agents for whose acts it (the City of Bangor) is responsible." If Secs. 9 and 11 are determined to be "penal" double and treble damages cannot stand against the defendant. If, however, the sections of the statute concerned here are deemed remedial then the double and treble damages as ordered by the presiding justice shall stand.

The original complaint alleged that the defendant "willfully or knowingly entered upon the aforesaid lot or parcel of land belonging to the Plaintiffs and willfully or knowingly set fire to and destroyed by burning certain of the property owned by the Plaintiffs - - - ." The determination of liability carries with it the finding that the defendant committed the acts willfully or knowingly and thus satisfies the statutory provision of Sec. 9 in these respects. In Sec. 11 there is no requirement that the acts be committed willfully or knowingly in order that treble damages be assessed.

Punitive or exemplary damages, according to the weight of authority, are not recoverable against a municipality unless expressly authorized by statute. For a comprehensive treatment of the subject, see 19 A. L. R. (2nd) with annotations beginning on page 903.

Secs. 9 and 11 of Chap. 124 are remedial and not penal. *Black* v. *Mace,* 66 Me. 49; *Reed, et al.* v. *Central Maine Power Company,* 132 Me. 476.

> "Whether statute is 'penal' or 'remedial' depends on whether purpose is to punish offense against public justice of State, or to afford private remedy to person injured by wrongful act." *Vol. 36-A, Words and Phrases, "Remedial Statute," p. 544.*

> " - - - 'it has been held, in many instances, that where a statute gives accumulative damages to the party grieved, it is not a penal action.'

- - - - - -

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual, according to the familiar classification of Blackstone: 'Wrongs are divisible into two sorts or species: *private wrongs* and *public wrongs*. The former are an infringement or privation of the private or civil rights belonging to individuals, considered as individuals; and are thereupon frequently termed *civil injuries:* the latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community; and are distinguished by the harsher appellation of *crimes and misdemeanors.*' "
*Huntington* v. *Attrill,* 146 U. S. 657, 668, 669.

"If the right of action be given to the injured party, and the increased damages are only incidental to the general right to recover, the statute and action are remedial." *Hall* v. *Hall,* 112 Me. 234, 236.

The fact that double damages may be recoverable does not of itself determine the statute to be penal. *Quimby* v. *Carter,* 20 Me. 218. See also *Titus* v. *Inhabitants of Frankfort,* 15 Me. 89.

Upon the establishment of liability under Sec. 9, the owner is entitled, by statutory right, to double damages if it is proved that "said acts are committed willfully or knowingly."

Under the provisions of Sec. 11, the owner is given the right to recover three times the actual value of the property upon proof of liability. *Black* v. *Mace, supra.*

When the City of Bangor, illegally and without authority, directed its public officers to destroy the property of the plaintiffs, the act of destruction on the part of the public officers was not one within the scope of the authority of their office but as agents of the municipality. The creation

of the agency by the City carried with it the legal responsibility for the tort liability and the double and treble damages which flowed therefrom as provided in the remedial statute (Secs. 9 and 11).

The justice below was not in error when he assessed double and treble damages against the defendant.

*Appeal denied.*