**MAINE REAL ESTATE COMMISSION**

v.

**Donna G. ANDERSON, et al.**

Supreme Judicial Court of Maine.

Argued May 8, 1986.

Decided July 11, 1986.

As Modified Aug. 8, 1986.

James E. Tierney, Atty. Gen., Crombie J.D. Garrett (orally), Nancy E. Feehan, Asst. Attys. Gen., Augusta, for plaintiff.

Vafiades, Brountas & Kominsky, Charles E. Gilbert, III (orally), Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The Maine Real Estate Commission (Commission) appeals from a judgment of the Superior Court (Penoboscot County) reversing the decision of the Administrative Court that Donna G. Anderson (formerly Donna H. Tibbetts), in her capacity as a real estate agent, had made a substantial misrepresentation to Gille Ouellette in violation of 32 M.R.S.A. § 4056(3)(A)(19) (1978), and that her conduct also demonstrated bad faith, incompetency and improper dealings in violation of section 4056(3)(B). The Commission contends that the Administrative Court's decision was correct as a matter of law and that its findings were supported by competent and substantial evidence. We agree and vacate the judgment of the Superior Court.

In the spring of 1981, Gille Ouellette informed Donna Anderson, a real estate agent with whom he had previously dealt, that he had located a lot in Glenburn onto which he desired to move his family and their mobile home. After a general discussion about financing, Ouellette authorized Anderson to make an offer to purchase the lot that would be contingent upon obtaining a favorable soil test which would assure approval of the installation of a waste disposal system. When informed of potential problems with the use of the existing system, Anderson contacted Richard Burgess, the town plumbing inspector. He informed her that since the existing system apparently had not been in use for over one year, the property would require a soil test and a new septic system. Burgess also told her that a grandfather clause contained in the

plumbing code might be applicable, if the system had originally been installed with a permit pursuant to the plumbing code and was not presently malfunctioning, and if the property had not been vacant for over twelve months. Anderson was aware, however, that there was no record of a permit having been issued to the installer of the original system.

After Anderson communicated the first offer to the agency listing the property, a soil scientist who had been engaged to perform a soil test reported to her that the soil was not suitable for a replacement waste disposal system. Anderson then told Ouellette of the soil test results and suggested a second offer contingent upon receiving permission for an alternate system. When that offer was rejected, Anderson informed Ouellette of the possible applicability of the grandfather clause, under which she explained he would not need a plumbing inspection or soil test. On that basis, Ouellette signed another higher offer, in which no special contingencies were included because Anderson indicated that none were necessary.

Anderson subsequently met with the seller who was unable to supply the documentation qualifying the use of the existing system as a grandfathered use. Without informing Ouellette of the seller's failure to provide the information, she obtained the acceptance of his unconditional offer from the seller and assisted Ouellette with the closing on the property. Ouellette was thereafter unable to obtain approval for a new waste disposal system or connect with the existing system, and was ordered to vacate the property.

## I.

■ The Commission first argues that the Administrative Court did not abuse its discretion in denying Anderson's request at trial to extend the subpoena of Richard Burgess, the Glenburn plumbing inspector, who was called to testify by the Commission. A trial judge may exercise control over the mode and order of witness interro-

gation to avoid needless consumption of time and the harassment of witnesses. *See* M.R. Evid. 611(a); Field & Murray, *Maine Evidence* § 611.1, at 153–54 (1976). The trial judge here concluded that Anderson's request to recall Burgess, in order to establish the content of a certain plumbing code provision, was an unreasonable imposition on the witness. Furthermore, the judge did not rely upon the disputed provision in his findings. We find that the trial court acted within its discretion in denying the request to hold Burgess over for another day.

## II.

■ We now address Anderson's contention that the Administrative Court erred in rejecting her argument that the initial action was barred by 14 M.R.S.A. § 858 (1980). Section 858 requires that a civil action for any penalty or forfeiture on a penal statute be commenced by the State within two years of the commission of the offense. We agree with the Commission that section 858 does not apply here because 32 M.R.S.A. § 4056, the statute under which this action was commenced, is not a "penal statute." The "manifest purpose" of section 4056(1) is to "protect the public from improper conduct on the part of real estate brokers." *Maine Real Estate Comm'n v. Kelby*, 360 A.2d 528, 532 (Me.1976). Examination of the larger statutory scheme reveals that the legislative purpose of the sanctions set forth in section 4056 is regulatory and not penal. *Cf. State v. Freeman*, 487 A.2d 1175 (Me.1985) (aggregate effect of civil OUI statute amounted to imposition of penal sanction).

The Commission is an agency within the Department of Business Regulation whose function is "to license and regulate professions and occupations." 10 M.R.S.A. § 8001 (Supp.1985–1986). Brokers are to be supervised by the Commission "in a manner to insure that they meet standards which will promote public understanding and confidence in the business of real estate," further illustrating the Commission's

regulatory function. *See* 32 M.R.S.A. § 4051 (1978). Therefore, Anderson's argument that the initial action was unseasonably commenced is without merit. Her additional arguments in support of a motion to dismiss the appeal are similarly without merit and do not require discussion.

### III.

▆ The Commission finally contends that, contrary to the Superior Court's determination, the Administrative Court findings were supported by the evidence of record. We review the determination of an adjudicatory body such as the Administrative Court as though on initial appellate review, giving no weight to the determination made by the Superior Court on intermediate review. *See, e.g., Delano v. Delano,* 501 A.2d 1287, 1288 n. 1 (Me.1985); *Dunning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me.1985); *Williams v. Williams,* 444 A.2d 977, 978 (Me.1982). A trial court's findings of fact will be set aside only if clearly erroneous; that is, they stand unless there is *"no* competent evidence in the record to support those findings." *Solmitz v. Maine School Admin. Dist. No. 59,* 495 A.2d 812, 817 (Me.1985) (emphasis in original).

The Administrative Court determined that Anderson's conduct in informing Ouellette that he would be able to utilize the existing waste disposal system, and therefore that the inclusion of conditions were not required for his protection in the third purchase offer, constituted a substantial misrepresentation, in violation of 32 M.R.S.A. § 4056(3)(A)(19).[1] The court also found that Anderson's conduct in obtaining acceptance of Ouellette's offer to purchase without informing him of the seller's failure to provide the requested information concerning the existing waste disposal system demonstrated bad faith, incompetency and improper dealings in violation of sec-

tion 4056(3)(B). After a careful review of the record, we conclude that these findings are supported by competent evidence. We accordingly reject Anderson's contention that the evidence was insufficient to support the Administrative Court's findings.

The entry is:

Judgment vacated.

Remanded with directions to affirm the decision of the Administrative Court.

All concurring.

---

1. We decline to address Anderson's contention that a prejudicial variance exists between the Maine Real Estate Commission's pleadings and the Administrative Court findings because by

failing to raise the issue of any surprise or prejudice before the trial court, she has failed to preserve it for appellate review. *See Cyr v. Cyr,* 432 A.2d 793, 797–98 (Me.1981).