STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
BUSINESS AND CONSUMER COURT  
LOCATION: PORTLAND  
DOCKET NO. BCD-CV-17-62 ✓

PAMELA DENUTTE, )
)
Plaintiff, )
)
v. )
)
U.S. BANK, N.A., )
)
Defendant. )

**ORDER ON DEFENDANT'S  
MOTION TO DISMISS**

This matter comes before the Court on Defendant U.S. Bank, N.A.'s motion to dismiss the complaint. Plaintiff Pamela Denutte opposed the motion and U.S. Bank timely replied. Oral argument was heard February 15, 2018. Robert M. Brochin, Esq., appeared for movant U.S. Bank and Meredith C. Eilers, Esq. appeared for Ms. Denutte.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Denutte received a mortgage loan from Merrimack Mortgage Company ("Merrimack") on or about December 24, 2008. (Pl's Compl. ¶ 13.) Merrimack subsequently recorded the original mortgage in the Cumberland County Registry of Deeds (the "Registry") on December 31, 2008. (Pl's Compl. ¶ 15.) Ms. Denutte fully performed the conditions of the mortgage and it was discharged by means of a written mortgage release dated May 17, 2013. (Pl's Compl. ¶ 16.) U.S. Bank, acting as servicer for Merrimack, recorded the original written release of the mortgage in the Registry on May 28, 2013. (Pl's Compl. ¶ 17.) The Registry mailed the original recorded mortgage release to U.S. Bank by first class mail on June 6, 2013. (Pl's Compl. ¶ 18.) The original release was likely received by U.S. Bank within one to three business days after

1

mailing by the Registry. (Pl's Compl. ¶ 19.) U.S. Bank sent the original recorded mortgage release to Ms. Denutte with an accompanying cover letter dated September 4, 2013. (Pl's Compl. ¶ 21.)

Ms. Denutte filed her one-count Class Action Complaint (the "Complaint") on behalf of herself and as representative of a putative class of other similarly situated plaintiffs on September 26, 2017, seeking an order certifying the proposed Plaintiff Class and awarding "damages as provided by the statute[]" on the grounds that U.S. Bank did not timely mail her the original recorded mortgage release within the timeframe required by Maine statute. (Pl's Compl. ¶¶ 36-37, ¶¶ 1-2 at pp. 8-9.) *See* 33 M.R.S.A. § 551. U.S. Bank responded with the motion to dismiss now before the Court.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## DISCUSSION

Ms. Denutte's lawsuit is based on 33 M.R.S.A. § 551, which specifies a mortgagee's obligations upon the full performance of the conditions of the mortgage by the mortgagor. Included in the statute is the requirement that "[w]ithin 30 days after receiving the recorded release of the mortgage from the registry of deeds, the mortgagee shall send the release by first class mail to the mortgagor's address as listed in the mortgage agreement . . . ." *Id.* The statute goes on to prescribe

2

the consequences to a mortgagee who fails to satisfy this requirement: "If the release is not sent by first class mail to the mortgagor's address as listed in the mortgage agreement . . . within 30 days after receiving the recorded release, the mortgagee is liable to an aggrieved party for damages equal to exemplary damages of $500." *Id.*

U.S. Bank has moved to dismiss Ms. Denutte's Complaint on the grounds that it is barred by the statute of limitations. Civil actions generally must be commenced within 6 years after the cause of action accrues, except as otherwise specifically provided. 14 M.R.S.A. § 752. However, "[a]ctions for any penalty or forfeiture on a penal statute" must be "commenced within one year after the commission of the offense." 14 M.R.S.A § 858. Whether a cause of action provided for by statute falls within the scope of 14 M.R.S.A. § 858 is a matter of statutory interpretation, and thus a question of law. *See Mansfield v. Ward*, 16 Me. 433, 438 (1840).

Based on the allegations in the Complaint, U.S. Bank was required to mail Ms. Denutte the original release sometime between July 7 and July 9, 2013, but did not do so until September 4, 2013. (Pl's Compl. ¶¶ 18-21.) *See* 33 M.R.S.A. § 551. Ms. Denutte filed her Complaint on September 26, 2017. Thus, her lawsuit is brought within the six-year statute of limitations of 14 M.R.S.A. § 752, but outside the one-year statute of limitations of 14 M.R.S.A § 858. At oral argument, counsel for Ms. Denutte conceded that the dispositive issue is whether 33 M.R.S.A. § 551 is a penal statute.[1] If the Court determines that Ms. Denutte's Complaint brings an action for a penalty or forfeiture on a penal statute, the one-year statute of limitations of 14 M.R.S.A § 858 applies and dismissal is proper.

---

[1] 33 M.R.S.A. § 551 consists of four unlabeled paragraphs and has a broad scope. The Court limits its analysis and discussion to the provision that requires the mortgagee to mail the recorded release from the registry of deeds within 30 days of receipt and allows the aggrieved party to recover a $500 exemplary damages award from the mortgagee who fails to do so. *See People's Sav. Bank v. Chelsey*, 138 Me. 353, 357-58, 26 A.2d 632, 634-35 (1942) (statute may consist of both remedial and penal provisions).

3

This Court has previously found the same provision of section 551 penal for purposes of determining whether the statute ought to be construed narrowly or liberally[*] against a mortgagee-defendant. *Sabina v. JPMorgan Chase Bank, N.A.*, No. BCD-CV-14-61 at 6 (Aug. 17, 2015), *rev'd on other grounds*, 2016 ME 141, 148 A.3d 284 (hereafter *Sabina I*). Although that case dealt with the same provision of section 551, a different issue was before the Court: whether the statute required a mortgagee to deliver the actual recorded release of the mortgage it received from the registry of deeds or whether a copy of the release would suffice. *Sabina I* at 3; 2016 ME 141, ¶¶ 3-4, 148 A.3d 284. This Court was considering whether a narrow or liberal construction was appropriate because it ruled that the statute was ambiguous. *Sabina I* at 4-5. The Law Court held that the statute "unambiguously requires the mortgagee to send to the mortgagor the mortgage release document that it receives from the registry[.]" 2016 ME 141, ¶ 9, 148 A.3d 284. Consequently, the Law Court never reached the issue of whether the relevant provision of section 551 is penal or remedial. *Id.* Thus, this Court's determination that section 551 is penal in nature remains untested on appeal.

Under Maine case law, the terms "punitive damages" and "exemplary damages" are synonymous. *See, e.g., Tuttle v. Raymond*, 494 A. 2d 1353, 1354 (Me. 1985); *Braley v. Berkshire Mut. Ins. Co.*, 440 A.2d 359, 362 (Me. 1982); *Foss v. Me. Tpk. Auth.*, 309 A.2d 339, 345 (Me. 1973) ("Exemplary, or punitive, damages"); *Michaud v. Bangor*, 160 Me. 285, 288, 203 A.2d 687, 689 (1964) (same). The Legislature is presumed to be aware of the decisions of the Law Court when it enacts statutory law. *Bowler v. State*, 2014 ME 157, ¶ 8, 108 A.3d 1257.

As this Court noted in *Sabina*, "[p]unitive damages are by their nature penal, not remedial." *Sabina I* at 6. *See also Tuttle*, 494 A.2d at 1355-56, 1363 ("primary concern of the doctrine of

---

[*] *See Burne v. John Hancock Mut. Life Ins. Co.*, 403 A.2d 775, 777 (Me. 1979) ("strict construction necessary for the interpretation of statutes penal in nature").

4

punitive damages is to deter misconduct, not to benefit plaintiffs"). However, the availability of exemplary damages under section 551 is not dispositive on the ultimate question of whether the statute is penal. Statutes which provide for an award of exemplary damages in addition to compensatory damages are generally considered remedial. *See Michaud v. Bangor*, 160 Me. 285, 203 A.2d 687, 690 (1964) (citing *Hall v. Hall*, 112 Me. 234, 91 A. 949 (1914)). *See also Auburn Harpswell Asso. v. Day*, 438 A.2d 234 (Me. 1981).

In *Michaud*, an injured defendant sought double and treble damages against the City of Bangor for burning his property, and the City defended on the grounds that it was exempt from "punitive or exemplary damages" as a municipality. 160 Me. at 287, 203 A.2d at 689. The Law Court held that the City was liable for multiplied damages because the statutes the plaintiff sued upon were remedial, not penal, as "the right of action [belonged] to the injured party, and the increased damages [were] only incidental to the general right to recover[.]" 160 Me. at 289, 203 A.2d at 690.

The statute in the case now before the Court is outside of *Michaud*'s holding. Although Section 551 offers a private cause of action to the plaintiff, there is no requirement that the plaintiff be an "injured party," only that she be an "aggrieved party;" *i.e.* the plaintiff is required only to show proof of violation, not proof of injury. 33 M.R.S.A. § 551. Not only is a plaintiff not required to prove actual damages, she is not entitled to recover them: by its express terms, section 551 entitles the injured party to *exemplary* damages *exclusively*. In other words, the right to recover

---

> Ms. Denutte argues that because the statute provides that the award of exemplary damages is paid to her as the "aggrieved party," the statute is remedial. *See Huntington v. Attrill*, 146 U.S. 657, 668-69 (1892). *See also Michaud*, 160 Me. at 288-89, 203 A.2d at 690 (citing the same). This argument is belied by the plain language of 14 M.R.S.A. § 858, which states different limitation periods for "a person to whom the penalty or forfeiture is given" (one year) and the State or its agent (two years). *See also Mansfield*, 16 Me. at 437-38 (citing *Moore v. Smith*, 5 Me. 490 (1829)) ("[The predecessor statute to section 858] extends to [a statute where] the penalty is limited wholly to the party or person recovering.").

5

exemplary damages is not "incidental to a general right to recover"; it is the only recovery available. *C.f. Michaud*, 203 A.2d at 690. There is no "general right to recover" under the statute.

Ms. Denutte argues for a broader application of *Michaud*'s holding. In particular, Ms. Denutte points to language in *Michaud* borrowed from WORDS AND PHRASES LEGALLY DEFINED: "Whether statute is 'penal' or 'remedial' depends on whether purpose is to punish offense against public justice of State, or to afford private remedy to person injured by wrongful act." 160 Me. at 288, 203 A.2d at 689 (quoting 36-A WORDS AND PHRASES LEGALLY DEFINED 544 (edition and year omitted in original)). (Pl's Opp. 6-7.) Under this definition, the Court finds section 551 to be a penal statute. The purpose of the statute is to punish mortgagees who violate Maine law, as evidenced by the Legislature's use of the term "exemplary damages." The statute requires no showing of injury and does not entitle the aggrieved party to recover her actual damages. Even if section 551 would be considered a "penal statute" under the WORDS AND PHRASES definition, the *Michaud* Court narrowed that definition in its holding. 160 Me. at 289, 203 A.2d at 690. *Cf. Marquis v. Wiernikowski*, NO. CV-94-369, 1995 Me. Super. LEXIS 529, *3-4 (section 4613 of the Maine Human Rights Act not a penal statute because the statute allows for the recovery of both compensatory and punitive damages). *See also Mansfield*, 16 Me. at 438 ("[A] statute is to be considered penal[] when the party recovering is not obliged to make any [ ] proof of injury.").

Ms. Denutte next argues that the Court should look beyond the language of the statute to the entire statutory scheme to determine whether the provision is penal or remedial. (Pl's Opp. 3-6.) *See Me. Real Estate Comm. v. Anderson*, 512 A.2d 351 (Me. 1986). Implicit in this argument is the suggestion that regulatory statutes cannot be penal, and that section 551 is a regulatory statute or part of a regulatory statutory scheme. (*Id.*)

6

In *Anderson*, a real estate broker was found to have violated 32 M.R.S.A. § 4056 (1977), *repealed by* P.L. 1987, c. 395, §A174, when she made a substantial misrepresentation to a client and engaged in conduct that demonstrated bad faith, incompetency, and improper dealings. *Anderson*, 512 A.2d at 352. The real estate broker claimed that the action brought by the Maine Real Estate Commission (the "Commission") was barred by 14 M.R.S.A § 858, arguing that section 4056 was penal and that the one-year statute of limitations of section 858 therefore applied. *Id.* at 353. The Law Court disagreed, writing that the statute was not penal because the "manifest purpose of [the statute] is to protect the public from improper conduct on the part of real estate brokers" and an "[e]xamination of the larger statutory scheme reveals that the legislative purpose of the sanctions set forth in section 4056 is regulatory and not penal." *Id.* (quotation marks omitted).

The opinion in *Anderson* does not indicate the consequences for the broker; it states only that the Administrative Court found that the broker violated the statute and that the Superior Court reversed this decision. There is no mention of what punishment, if any, was levied on the broker by the Administrative Court or the Commission, and presumably reinstated by the Superior Court on remand. *Id.* at 354.

The Court has reviewed section 4056. That statute granted the Administrative Court Judge the limited power to suspend or revoke an agent's license—it entitled neither a party injured by a real estate agent's misbehavior nor the State to extract either exemplary or actual damages from the misbehaving agent. *Id.* § 4056 (3). It only allowed the Commission to conduct investigations and the Administrative Court to revoke or suspend licenses. *Id.* § 4056 (1)-(3). This limitation entirely removes section 4056 from the *Mansfield/Michaud* test of whether a statute is penal or remedial—hence why the Law Court looked to the statutory scheme of Chapter 59 of Title 32 to

7

determine that the "legislative purpose of the sanctions set forth in section 4056 is regulatory and not penal." *Anderson*, 512 A.2d at 353. *Cf. State v. Freeman*, 487 A.2d 1175, 1179 (Me. 1985). The Law Court did not intend to suggest that penal statutes can never serve a regulatory purpose.

Ms. Dunette's final argument is that the availability of "statutory damages" does not render a statute penal rather than remedial. (Pl's Opp. 8-10.) This argument is based on the fact that the federal Fair Debt Collection Practices Act and Copyright Act provide for statutory and/or actual damages, but are generally considered remedial rather than penal statutes. *See* 15 U.S.C. § 1692k(1); 17 U.S.C. § 504(a), (c). U.S. Bank responds that section 551 entitles an aggrieved party to exemplary damages, not statutory damages, and that the comparison is therefore misplaced. (Def's Reply 5-6.)

The Court agrees with U.S. Bank. Although not made explicitly, the implication in Ms. Denutte's argument is that because the $500 exemplary damages award is provided for in a statute, that it is an award of statutory damages. The Court disagrees with this implication. The primary purpose of exemplary damage awards is deterrence through punishment. *See Tuttle*, 494 A.2d at 1356. By contrast, the purpose of statutory damages is something more akin to liquidated damages; that is, to recompense an injured plaintiff where actual damages would be difficult or impossible to prove. *See Fish v. Stone*, No. 2:17-cv-02093-SHM-EGB, 2017 U.S. Dist. LEXIS 213232, at * 11 (W.D. Tenn. Dec. 29, 2017); *Raydiola Music v. Revelation Rob, Inc.*, 729 F. Supp. 369 (D. Del. 1990). Indeed, two of the cases cited by Ms. Denutte explicitly distinguish statutory damages from punitive damages. *See Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 514 (1st Cir. 2011) ("[S]tatutory damages, unlike punitive damages, have both a compensatory and punitive element . . . statutory damage awards are different [from punitive damages]."); *Raydiola Music*, 729 F. Supp. at 375. The Legislature chose to explicitly refer to the damages available under section 551

8

as "exemplary damages." The Court must honor that choice and must assume it was deliberate.[*] *See City of Bangor*, 2005 ME 35, ¶ 9, 868 A.2d 177 ("Nothing in a statute is treated as surplusage if a reasonable construction supplying meaning and force is otherwise possible.") (quotations omitted).

Upon careful consideration of the arguments raised by the parties, the Court declines to deviate from its determination in *Sabina I* that the relevant provision of 33 M.R.S.A. § 551 is a penal statute. The one-year statute of limitations of 14 M.R.S.A § 858 thus applies. Ms. Denutte's action is thus untimely and must be dismissed. U.S. Bank's motion to dismiss is therefore GRANTED.

## CONCLUSION

By reason of the foregoing it is hereby ORDERED:

That Defendant U.S Bank's motion to dismiss is GRANTED.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 3 / 20 / 18

M. Michaela Murphy
Justice, Business and Consumer Court

Entered on the Docket: 3/20/18
Copies sent via Mail___ Electronically ✓

---

[*] Interestingly, the statute refers to the noncompliant mortgagee's liability as "damages equal to exemplary damages of $500" rather than merely "exemplary damages of $500." At oral argument, counsel for Ms. Denutte suggested that the distinction may be meaningful but did not develop the argument further. "Generally, an issue not addressed by the brief of either party and raised at oral argument is viewed as waived . . . ." *Chadwick-BaRoss, Inc. v. Martin Marietta Corp.*, 483 A.2d 711, 717 (Me. 1984).

9