ADENILSON DEOLIVEIRA v. PMG LAND
ASSOCIATES, L.P., ET AL.
(AC 27483)

Bishop, DiPentima and West, Js.

Argued October 10, 2007—officially released January 22, 2008

*Conrad Ost Seifert*, for the appellant (plaintiff).

*Ralph W. Johnson III*, with whom, on the brief, were *Thomas P. Lambert* and *Joshua M. Auzier*, for the appellee (defendant Harbour Landing Condominium Association, Inc.).

*Donald W. Doeg*, with whom were *Barbara A. Frederick* and, on the brief, *Ffiona M. McDonough*, for the appellee (defendant Kenneth R. Nadler Consulting, LLC).

*Opinion*

DiPENTIMA, J. In this premises liability action, the plaintiff, Adenilson DeOliveira,[1] appeals from the judgment of the trial court rendering summary judgment in favor of the defendants Harbour Landing Condominium Association, Inc. (Harbour Landing), and Kenneth R. Nadler Consulting, LLC (Nadler).[2] The plaintiff claims that the court failed to construe the pleadings, affidavits and other evidence in a light most favorable to the plaintiff and improperly concluded that no genuine issue of material fact existed with respect to notice and causation. We affirm the judgment of the trial court.

On July 12, 1999, the plaintiff, while painting the exterior of a unit in a condominium complex in New Haven, fell from a second floor balcony and sustained injuries. Subsequently, the plaintiff initiated this negligence action against Harbour Landing and Nadler.[3] The plaintiff claimed, inter alia, that Harbour Landing, as owner of the premises, was responsible for the construction, maintenance, control and preservation of the premises, that Harbour Landing had constructive notice of a structural defect in the premises, that Harbour Landing negligently failed to take reasonable steps to fix the defect

---

[1] On September 16, 2001, P & S Contractors, Inc., DeOliveira's employer, intervened as a plaintiff pursuant to General Statutes § 31-293. P & S Contractors, Inc., has not joined the plaintiff in this appeal. We therefore refer to DeOliveira as the plaintiff.

[2] On March 17, 2003, the court granted the motion to dismiss for lack of personal jurisdiction filed by the defendant PMG Land Associates, L.P. (PMG). Thereafter, Harbour Landing filed a third party complaint against PMG and PMG Land Realty Corporation seeking indemnification for any judgment against Harbour Landing rendered in favor of the plaintiff. Because the plaintiff's claims against Harbour Landing and Nadler are the only ones at issue in this appeal, we refer in this opinion to Harbour Landing and Nadler as the defendants.

[3] The plaintiff's original complaint did not name Nadler as a defendant. Harbour Landing named Nadler as a third party defendant seeking indemnification for any judgment rendered in favor of the plaintiff. The plaintiff thereafter amended his complaint to add a negligence claim against Nadler as a defendant.

prior to his fall and that Harbour Landing's negligence was the direct and proximate cause of his injuries. The plaintiff's amended complaint further alleged that in addition to Harbour Landing's negligence, Nadler's design and installation of the balcony's guardrail contributed to the structural defect and, thus, to his injuries. After the parties completed discovery, the defendants filed motions for summary judgment, which the court granted in a written memorandum of decision on January 20, 2006.[4] This appeal followed. Additional facts will be set forth as necessary.

We first set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the

---

[4] On February 8, 2006, the plaintiff filed a request for an extension of time to file a motion to reargue the motions for summary judgment, which the court had decided in favor of the defendants. The court granted the extension of time but cautioned the plaintiff that it would entertain only a proper motion to reargue and not another objection to the defendants' motions for summary judgment. In ruling on the plaintiff's motion to reargue, the court stated: "The plaintiff's motion to reargue having earlier been granted, the relief requested is denied and the memorandum of decision of January 20, 2006, governs." The court noted, however, that the plaintiff had presented no new information or legal arguments that he could not have articulated before the court's rendering of summary judgment. The court further noted that despite its earlier warning, the plaintiff submitted a new objection to the defendants' motions for summary judgment rather than to a motion to reargue. Neither party requested an articulation of the court's ruling on the motion to reargue. Because there is nothing in the court file to indicate that the motion to reargue had "earlier been granted," and because the court's ruling articulates a basis for denying the motion to reargue, we review the plaintiff's claims as though the court denied the plaintiff's motion to reargue. See *Bee* v. *Bee*, 79 Conn. App. 783, 798–99, 831 A.2d 833 (construction of judgment is question of law for court and determinative factor is intention of court as gathered from all parts of judgment), cert. denied, 266 Conn. 932, 837 A.2d 805 (2003). Accordingly, our review of the court's granting of the motion for summary judgment does not address any additional materials submitted with the plaintiff's motion to reargue, as they were not before the court when it ruled on the motions for summary judgment.

moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 198–99, 931 A.2d 916 (2007).

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact." (Internal quotation marks omitted.) *McKinney* v. *Chapman*, 103 Conn. App. 446, 451, 929 A.2d 355, cert. denied, 284 Conn. 928, 934 A.2d 243 (2007). "A material fact is a fact which will make a difference in the result of

the case." (Internal quotation marks omitted.) *Stokes* v. *Lyddy*, 75 Conn. App. 252, 257, 815 A.2d 263 (2003).

The plaintiff claims that he provided a sufficient evidentiary foundation to demonstrate a genuine issue with respect to the cause of his injuries, and, therefore, the court improperly rendered summary judgment in favor of Harbour Landing.[5] We disagree.

In his complaint, the plaintiff alleged that the balcony on which he was standing when he fell had structural defects in the deck and the attached guardrail. The plaintiff alleged that the defendant Harbour Landing had notice of the defects and negligently failed to take reasonable steps to correct them. Finally, the plaintiff alleged that the defects caused his injuries when the guardrail broke free as he leaned on it, sending both the plaintiff and the guardrail to the ground two stories below.

In support of its motion for summary judgment, Harbour Landing filed a memorandum of law to which it attached partial transcripts of deposition testimony by the plaintiff, the plaintiff's expert witness, a Harbour Landing employee and a limited partner of the defendant PMG Land Associates, L.P. (PMG). The plaintiff objected to Harbour Landing's motion for summary judgment in his memorandum of law, which he supported with partial transcripts of his deposition as well as the deposition testimony of his expert, his employer

---

[5] Although our discussion is applicable equally to the summary judgment in favor of Nadler as it is to the summary judgment in favor of Harbour Landing, we note that the plaintiff, in his brief to this court, addresses only the court's granting of the motion for summary judgment in favor of Harbour Landing. Thus, we decline to review his claim with respect to Nadler's motion for summary judgment. See *AvalonBay Communities, Inc.* v. *Planning & Zoning Commission*, 103 Conn. App. 842, 851 n.7, 930 A.2d 793 (2007) ("[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failing to brief the issue properly." [Internal quotation marks omitted.]).

and two members of Harbour Landing's board of directors. Viewed in the light most favorable to the plaintiff, the evidence fails to establish a genuine issue of material fact with respect to the issue of causation.[6]

The plaintiff testified that he had no memory of the fall or of his conduct immediately preceding his fall. His expert witness, James Portley, testified that "it was apparent that the plaintiff applied a lateral force to the railing, causing it to rotate outward, tearing the lag bolts out from the wood frame with the result that the railing and [the plaintiff] fell two stories to the ground below." He further testified that the railing did not comply with the building code and that if the wood had been rotted, it would have required less force to detach the guardrail from the deck than if the wood had been structurally sound. Portley could not opine, however, how much force was applied to the railing at the time of the accident, whether the building code violation contributed to the failure of the railing or whether the wood where the railing attached to the deck contained any rot.

The plaintiff's employer, Eduardo Rodrigues, testified that he did not witness the accident. Rodrigues further testified, however, that he inspected the deck minutes after the plaintiff's accident and observed rotted wood where the guardrail had been attached to the deck.[7]

[6] The plaintiff also claims that the court improperly rendered summary judgment in favor of Harbour Landing because he provided a sufficient evidentiary foundation regarding his allegation that Harbour Landing had notice of the defects that he alleged in his complaint. Because our discussion with respect to the issue of causation is dispositive, we need not address the court's ruling with respect to the issue of notice.

[7] Rodrigues also testified that several days after the accident, the plaintiff told him that the accident happened when the guardrail "gave out" as the plaintiff leaned against it to lower a ladder to the ground. "In order to give effect to the facts alleged therein, [deposition testimony in support of summary judgment] must . . . set forth such facts as would be admissible in evidence . . . ." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 534, 923 A.2d 638 (2007). The plaintiff concedes that his statement to Rodrigues is hearsay but insists that the statement is admissible under the residual exception to the hearsay rule.

Louis Caciopoli, a maintenance worker for Harbour Landing, testified that on the day of the accident, painters were using ladders that were too short for the work involved. He further testified that he inspected the deck after the accident and observed that the lag bolts that attached the railing to the deck had ripped out. Caciopoli also testified that prior to the accident, some of the floorboards on certain decks had been replaced due to "cupping" of the wood, but the wood was pressure treated and could not rot.

Steven Held, a limited partner of PMG, testified that PMG owned the condominium unit that the plaintiff was painting at the time of the accident and that at the time PMG purchased the unit in 1992, construction of the unit, including installation of the deck guardrail, was incomplete. Held further testified that the guardrail was installed by Julius Marchidan, either in his capacity as a PMG employee or as an independent contractor. Finally, he testified that prior to the accident, some of the floorboards on the deck from which the plaintiff fell may have been replaced, but he had no concerns about the safety of the deck.

One of Harbour Landing's board members, Margreth Butterworth, testified that in March, 1999, the board had learned of deteriorated wood on some of the decks in the condominium complex but that she could not recall specifically which units needed repairs or whether those repairs had been completed prior to the plaintiff's accident. Finally, a second board member,

---

We conclude, however, as did the trial court, that the statement lacks the equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule. See Conn. Code Evid. § 8-9. Accordingly, the plaintiff's hearsay statement is not admissible evidence and cannot provide a proper foundation to defeat the defendants' motions for summary judgment. See *Great Country Bank* v. *Pastore*, 241 Conn. 423, 436–37, 696 A.2d 1254 (1997); *12 Havemeyer Place Co., LLC* v. *Gordon*, 93 Conn. App. 140, 157, 888 A.2d 141 (2006).

Robert Guth, testified that at the time of the accident, the board was aware of the need to make repairs to deteriorated wood on some of the units, including the decks, but could not recall which units required repairs.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails." (Internal quotation marks omitted.) *Angiolillo* v. *Buckmiller*, 102 Conn. App. 697, 711, 927 A.2d 312, cert. denied, 284 Conn. 927, 934 A.2d 243 (2007).

With respect to the issue of causation, it is well settled that "[l]egal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation. The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . .

"Because actual causation, in theory, is virtually limitless, the legal construct of proximate cause serves to establish how far down the causal continuum tortfeasors will be held liable for the consequences of their actions. . . . The fundamental inquiry of proximate cause is whether the harm that occurred was within the scope of foreseeable risk created by the defendant's negligent conduct. . . . In negligence cases . . . in which a tortfeasor's conduct is not the direct cause of the harm, the question of legal causation is practically indistinguishable from an analysis of the extent of the tortfeasor's duty to the [victim]. . . . The determination of the nature of the legal duty owed, if any, must be rooted in the fundamental policy of the law that a tortfeasor's responsibility should not extend to the theoretically endless consequences of the wrong. . . .

"[T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the [victim's] injuries. . . . To that end, [t]he question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact. . . .

"Finally . . . [t]he existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be *based upon more than conjecture and surmise*." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Alexander* v. *Vernon*, 101 Conn. App. 477, 484–85, 923 A.2d 748 (2007).

On the basis of the evidence before the court, we conclude that the plaintiff failed to provide an evidentiary foundation linking any alleged defect to the failure of the guardrail and, thus, to his injuries. Even if we assume that the evidence demonstrates a genuine issue as to the existence of a defect in the deck or the guardrail, none of the evidence before the court permits an inference that the defect contributed to the failure of the guardrail. None of the testimony permits an inference that the alleged wood rot was severe enough to impair the structural integrity of the guardrail. Further, nothing before the court permits an inference that the guardrail failed under a reasonable, as opposed to an excessive, amount of force. Moreover, because the plaintiff has no memory of the accident, and because there were no eyewitnesses, there is no evidentiary foundation for the plaintiff's claim that the guardrail failed *before* he fell. Without additional evidence of the facts and circumstances surrounding the accident, the

plaintiff could not prove that the guardrail would not have failed but for the alleged defects, nor could he prove that any alleged defect substantially contributed to his fall. As the court correctly concluded, "[t]oo many scenarios 'might' have occurred, and the inability to establish cause in fact and proximate cause prevents jury consideration." The cause of the failure of the guardrail is based on mere conjecture and surmise.

Accordingly, the court properly rendered summary judgment in favor of the defendants.

The judgment is affirmed.

In this opinion the other judges concurred.