RUI M. NASCIMENTO *v.* CONNECTICUT LIFE AND
CASUALTY INSURANCE COMPANY
(AC 28856)

Flynn, C. J., and McLachlan and Pellegrino, Js.

Argued March 28—officially released June 17, 2008

*Peter M. Appleton*, for the appellant (plaintiff).

*Edward W. Gasser*, with whom, on the brief, was *Kirby G. Huget*, for the appellee (defendant).

## Opinion

PELLEGRINO, J. The plaintiff, Rui M. Nascimento, appeals from the judgment of the trial court, rendered after a trial to the court, finding him 25 percent comparatively negligent for damages sustained in an automobile accident. On appeal, the plaintiff claims that (1) the court's findings of fact were contrary to the evidence presented at trial, (2) the court improperly concluded that he violated General Statutes § 14-283 (e) and (3) the evidence presented at trial did not support the court's finding of comparative negligence. We affirm the judgment of the trial court.

The following facts are necessary for the resolution of the plaintiff's appeal. In the early morning of June 2, 2002, the plaintiff was driving his automobile on South Main Street in West Hartford. He was intending to turn

left onto New Britain Avenue when he noticed police cars approaching from about one quarter of a mile behind him with their lights flashing. The plaintiff, having the traffic signal in his favor, attempted to turn left rather than immediately driving to the right side of the road. As he was turning, the plaintiff's automobile was struck on the driver's side by a stolen vehicle that the police were pursuing. The stolen vehicle was driven by an uninsured motorist, Thomas J. Homar. As a result of the collision, the plaintiff's automobile was pushed into a telephone pole and damaged. The plaintiff suffered injuries to his upper back and lower neck that required medical treatment.

The plaintiff thereafter filed a complaint against the defendant, Connecticut Life & Casualty Insurance Company, seeking to recover damages under the terms of his automobile insurance policy. The defendant pleaded comparative negligence as a special defense. Prior to trial, the parties stipulated to the maximum value of the plaintiff's personal injuries, medical bills and lost wages from his regular employment and that Homar was uninsured at the time of the accident. The parties agreed to a trial to the court and limited the issues to the plaintiff's comparative negligence and whether he could recover lost profits from a business venture he had started prior to the accident. The matter subsequently was tried to the court on May 31, 2006.

In its memorandum of decision, the court found the plaintiff to be 25 percent comparatively negligent.[1] The court also found that the plaintiff was not entitled to recover lost profits from his business venture. The plaintiff challenged the court's determination of comparative negligence but has not challenged the court's

[1] The court issued its memorandum of decision on September 26, 2006. On November 6, 2006, the court issued a corrected memorandum of decision. All references to the court's memorandum of decision refer to the November 6, 2006 corrected memorandum of decision.

denial of lost profits. Additional facts will be set forth as necessary.

I

The plaintiff first claims that several of the court's findings of fact were contrary to the evidence. His claim rests exclusively with portions of the following excerpt from the court's memorandum of decision: "On June 2, 2002, at around 5 a.m., the plaintiff was driving his motor vehicle from his home and on his way to work in West Hartford. The plaintiff drove his vehicle down South Main Street in West Hartford. When he approached the exit ramp for Interstate 84 he could see police cars coming over the highway overpass. The police cars were about one quarter of a mile from where the plaintiff was located. The plaintiff continued to drive and was in the left lane, intending to turn left onto New Britain Avenue. The traffic signal was in the plaintiff's favor. The plaintiff had not made it to the intersection when he noticed that the police cars were now close to him. Upon seeing the lights of the approaching police cars, the plaintiff did not immediately pull over to the right but instead attempted to execute his left turn and was struck on the driver's side of his car by a stolen car that was being pursued by the police." The plaintiff argues that segments of this excerpt are not supported by the evidence and, in fact, are contrary to the evidence. We disagree.

The standard of review that governs a trial court's findings of fact is well established. "Questions of fact are subject to the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh

the evidence . . . [the reviewing court] gives great deference to its findings." (Internal quotation marks omitted.) *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.,* 278 Conn. 92, 107, 897 A.2d 58 (2006).

Upon review of the record and after considering the evidence, including reasonable inferences that may be drawn therefrom, we conclude that the court's findings are supported by facts appearing in the record. The plaintiff's testimony, coupled with the exhibits introduced at trial, including the police report of the accident, provide a factual basis for the court's findings. We cannot say that these findings are clearly erroneous. Accordingly, this claim fails.

## II

The plaintiff next claims that the court misapplied § 14-283 (e) in finding him comparatively negligent.[2] Specifically, he claims that (1) he was not in the "immediate vicinity" of the police vehicles as required by § 14-283 (e) and (2) he was not required to comply with § 14-283 (e) because it was more practical to grant the right-of-way to the police vehicles by turning left. We disagree.

"The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, involves a question of law and our review, therefore, is plenary." (Internal quotation marks omitted.) *Russell* v. *Russell,*

---

[2] General Statutes § 14-283 (e) provides: "Upon the immediate approach of an emergency vehicle making use of such an audible warning signal device and such visible flashing or revolving lights or of any state or local police vehicle properly and lawfully making use of an audible warning signal device only, the operator of every other vehicle in the immediate vicinity shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the emergency vehicle has passed, except when otherwise directed by a state or local police officer or firefighter."

91 Conn. App. 619, 629, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005).

The plaintiff argues that § 14-283 (e) is inapplicable in the present case because that section requires only vehicles in the "immediate vicinity" of emergency vehicles that are making an immediate approach to comply with its directives. He invites us to conclude that the court's findings do not permit the inference that he was in the immediate vicinity of the police vehicles. We disagree.

The court found that the plaintiff saw the police vehicles when they were one quarter of a mile behind him. The police vehicles were approaching his position with their lights flashing.[3] Although there is no finding regarding the distance between the police vehicles and the plaintiff's vehicle at the moment the accident occurred, the court's findings support the conclusion that the plaintiff was within the immediate vicinity of the police vehicles. Accordingly, he was required to comply with the provisions of § 14-283 (e).

The plaintiff next argues that he did not violate § 14-283 (e) because the obligation to drive to the right to grant the right-of-way to an emergency vehicle is not absolute when it may be more practical to grant the right-of-way by turning left. See *Fasanelli* v. *Terzo,* 150 Conn. 349, 189 A.2d 500 (1963); see also *State* v. *Cordova,* 38 Conn. Sup. 377, 383, 448 A.2d 848 (1982) (*Hennessy, J.*) (interpreting *Fasanelli*). The plaintiff's argument is premised on a factual finding that it was more practical to grant the right-of-way by turning left. The court, however, after hearing the evidence and

---

[3] The court did not make a finding that the police were using an audible warning device as required by § 14-283 (e). See *Fasanelli* v. *Terzo,* 150 Conn. 349, 357, 189 A.2d 500 (1963) (finding provisions of § 14-283 not triggered by use of emergency lights without use of audible warning device). Whether the court was required to make such a finding prior to finding a violation of § 14-283 has not been raised as an issue on appeal.

having the opportunity to view the witnesses, made no such finding. The court, in fact, implicitly rejected the plaintiff's argument that it was more practical to grant the right-of-way by turning left by finding that he violated § 14-283 (e). As an appellate court, we cannot retry the facts or pass on the credibility of the witnesses. *Palmieri* v. *Cirino*, 90 Conn. App. 841, 846, 880 A.2d 172, cert. denied, 276 Conn. 927, 889 A.2d 817 (2005). Accordingly, we cannot say that the court's finding was clearly erroneous. See *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, supra, 278 Conn. 107.

## III

The plaintiff's final claim is that the court improperly found him to be 25 percent comparatively negligent. Specifically, the plaintiff claims that "[t]here was no legal basis for the court to have found that [he] was in any way responsible for this accident, as his conduct was not the proximate cause of the accident." We disagree.

"The question of proximate cause generally belongs to the trier of fact because causation is essentially a factual issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact." (Citations omitted; internal quotation marks omitted.) *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 611, 662 A.2d 753 (1995). Accordingly, we will reverse the judgment of the court only if proximate cause is absent as a matter of law.

In the present case, the court could have concluded that the plaintiff's conduct was a proximate cause of the accident and, therefore, that he was 25 percent comparatively negligent. The evidence showed that the plaintiff saw the approaching police vehicles prior to

attempting to turn left. Rather than stop his vehicle or move to the right side of the road, he continued to turn left and was struck by Homar's vehicle. This evidence provided a basis for the court to conclude that the plaintiff's behavior was a substantial factor is bringing about his injuries. See *DeOliveira* v. *PMG Land Associates, L.P.*, 105 Conn. App. 369, 377–78, 939 A.2d 2 (2008). Accordingly, we cannot say that the court's finding of 25 percent comparative negligence was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.