## MYRTLE MEWS ASSOCIATION, INC. *v.* CHARLES BORDES ET AL.
## (AC 31098)

Beach, Robinson and Borden, Js.

Argued September 15—officially released November 9, 2010

*David F. Borrino*, for the appellant (defendant Mortgage Electronic Registration Systems, Inc.).

*Brenden P. Leydon*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Mortgage Electronic Registration Systems, Inc.,[1] appeals from the trial court's judgment in favor of the plaintiff, Myrtle Mews Association, Inc., and, more particularly, from the denial of the defendant's motion to open the judgment of strict foreclosure. The defendant claims that the court erred in denying its motion to open because the court lacked personal jurisdiction over it as a result of insufficiency of process and insufficient service of process, thus rendering the judgment void. We affirm the judgment of the trial court.

The plaintiff commenced this action on January 11, 2008, to foreclose its statutory lien on property over which the defendant also held a mortgage. The writ of summons named the defendant as "MERS, Inc.," and was delivered to the Michigan address listed on the defendant's mortgage deed as it appeared in the land records.[2] On February 19, 2008, the defendant was defaulted for failure to appear.

Subsequently, the plaintiff filed a motion for judgment of strict foreclosure on the property, which was granted on August 11, 2008. The law date was scheduled for September 9, 2008. Thereafter, on November 26, 2008, the defendant filed a motion to open the judgment of strict foreclosure, claiming that the judgment was void because the court never acquired personal jurisdiction over it and that the court abused its discretion by

---

[1] The other defendant in this action is Charles Bordes. Bordes owned the property at issue over which Mortgage Electronic Registration Systems, Inc., held a mortgage. Bordes was defaulted for a failure to appear and did not appeal from the judgment, and Mortgage Electronic Registration Systems, Inc., is the only defendant involved in this appeal. We therefore refer in this opinion to Mortgage Electronic Registration Systems, Inc., as the defendant.

[2] On December 30, 2007, the writ of summons and complaint were accepted at the Michigan address and were then forwarded to the defendant's Florida address, where they also were signed for and accepted.

ordering a strict foreclosure rather than a foreclosure by sale.

On March 2, 2009, the court held a hearing on the defendant's motion to open the judgment of strict foreclosure. At this hearing, the court asked the defendant's counsel, "are you pressing that [the writ of summons and complaint were] served at the wrong address?" In response, the defendant's counsel stated: "No. I think the court was ready to rule on that issue . . . [b]ut then we raised the equitable issue of whether it should have gone by strict [foreclosure] or [foreclosure by] sale." The court noted the defendant's position. The court then denied the defendant's motion to open the judgment, noting that it was bound to do so pursuant to General Statutes § 49-15.[3] The defendant filed a motion to reargue its motion to open the judgment of strict foreclosure. On April 27, 2009, the court granted the motion to reargue but denied the relief requested. This appeal followed.

In this appeal, the defendant argues that the court erred in denying its motion to open the judgment of strict foreclosure because the court never had acquired personal jurisdiction over it, and, thus, the judgment was void. Specifically, the defendant contends that the delivery of the writ of summons and complaint to Michigan as well as to an address in Florida did not comport with Connecticut's corporate long arm statute; General Statutes § 33-929; or with General Statutes § 52-57 (c) because the defendant is a Delaware corporation with its principal place of business in Virginia. Furthermore, the defendant contends that the process was insufficient because the summons listed its name as "MERS, Inc.," instead of "Mortgage Electronic Registration Systems, Inc.," and that the incorrect address was listed

---

[3] General Statutes § 49-15 (a) provides in relevant part that "no . . . judgment [of strict foreclosure] shall be opened after the title has become absolute in any encumbrancer."

on the writ of summons. The plaintiff contends, however, that the defendant consented to personal jurisdiction and, thus, this appeal is moot because the law days have run and title has vested. Under the circumstances of this case, we disagree with the plaintiff's claim.

We first set forth our standard of review. Because a challenge to the personal jurisdiction of the trial court is a question of law, our review is plenary. See *Ryan* v. *Cerullo*, 282 Conn. 109, 118, 918 A.2d 867 (2007). Although the court's conclusions are subject to plenary review, "[q]uestions of fact are subject to the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Nascimento* v. *Connecticut Life & Casualty Ins. Co.*, 108 Conn. App. 447, 450, 947 A.2d 1057, cert. denied, 289 Conn. 910, 957 A.2d 872 (2008).

Generally, a judgment of strict foreclosure cannot be opened after title has become absolute in an encumbrancer. See General Statutes § 49-15 (a) (providing in relevant part that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein and for cause shown, be opened and modified . . . but no such judgment shall be opened after the title has become absolute in any encumbrancer"). Here, the title became absolute in the plaintiff because the defendant neither redeemed the property nor filed a motion to open until after the passing of the law days. See *City Lumber Co. of Bridgeport, Inc.* v. *Murphy*, 120 Conn. 16, 25, 179 A. 339 (1935) ("[w]here a foreclosure decree has become absolute by the passing of the law days, the outstanding

rights of redemption have been cut off and the title has become unconditional in the [encumbrancer]").

"It is axiomatic [however] that a court cannot render a judgment without first obtaining personal jurisdiction over the parties. No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment . . . may always be challenged. . . . [A] defect in process . . . implicates personal jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 576, 953 A.2d 868 (2008). The defendant claims that the court erred in denying its motion to open because the court did not obtain personal jurisdiction over the defendant and thus the judgment of strict foreclosure was void.

We cannot consider the defendant's claim that the trial court lacked personal jurisdiction to render judgment because the record is inadequate for review. Practice Book § 64-1 (a) mandates that a trial court must disclose the factual bases of its decision. "Where a transcript of an oral decision of the trial court fails to set forth the factual basis of the trial court's decision, the [burden is on the appellant to] perfect the record on appeal either by filing a motion to compel the trial court to file a memorandum of decision . . . or by filing a motion for articulation . . . . [T]his court will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the [appellant's] claim." (Citations omitted; internal quotation marks omitted.) *State* v. *Wilson*, 111 Conn. App. 614, 621, 960 A.2d 1056 (2008), cert. denied, 290 Conn. 917, 966 A.2d 234 (2009).

Here, the record is devoid of factual findings that would allow us to make a determination regarding personal jurisdiction. The trial court made no findings relating to the defendant's state of incorporation or principal

place of business, both of which are essential to making a determination regarding personal jurisdiction.[4] As this court has stated, "[w]ithout any specific findings of fact . . . we cannot determine the basis of the court's ruling and thus cannot review the merits of [a] defendant's claim." (Internal quotation marks omitted.) Id.[5]

The judgment is affirmed.

[4] The plaintiff argues that the defendant consented to the personal jurisdiction of the trial court. It is well established that "[u]nlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." (Internal quotation marks omitted.) *Phoenix Leasing, Inc.* v. *Kosinski*, 47 Conn. App. 650, 653, 707 A.2d 314 (1998). The record seems to suggest that the defendant stated to the trial court that it was not contesting the issue of service of process. The record, however, is somewhat vague regarding this issue. Because we conclude that the record is inadequate to review the defendant's claim, we need not address the plaintiff's consent argument.

[5] Accordingly, we do not address the defendant's claim that the court abused its discretion by ordering a strict foreclosure rather than a foreclosure by sale.