STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
BCD-CV-14-61



ALEC T. SABINA and
EMMA SABINA, On behalf
Of Themselves and All Others
Simlarly Situated,

     Plaintiffs

v.

     **ORDER ON DEFENDANT'S MOTION
FOR PROTECTIVE ORDER**

JPMORGAN CHASE, N.A.

     Defendant

Before the Court is Defendant's Motion for Protective Order allowing them to withhold from disclosure two documents. The first is a document referred to as "GLR State Compliance Matrix" and the other is the "Borrower Return Matrix." The Plaintiffs are represented by Attorneys Michael Bosse, Dan Mitchell and Meredith Eilers. Defendant is represented by Attorneys Jeff Goldman, Robert Brochin, and Brian Ercole.

Defendant makes the same arguments as to both documents, namely that they do not need to be produced on the grounds of the attorney-client privilege and because they are work product. The Court has reviewed the parties' filings, the last of which were received by the Court on June 15, 2017. The Court has also conducted an in-camera review of the documents and issues the following Order granting the motion.

1

## FINDINGS AND CONCLUSIONS

The review of the documents makes clear that they were prepared by Chase's in-house counsel to advise Chase employees how to comply with the law in Maine (and other jurisdictions) regarding the return of certain documents (including mortgage lien releases) to borrowers upon satisfaction of a mortgage. Exhibit A is the state matrix and Exhibits C and D provide legal advice about how to process a specific kind of documents returned to borrowers.

After initial briefing, the Court spoke telephonically with counsel and asked whether there was an issue of relevance given the nature of the statute that is at issue in this case, 33 M.R.S. 551. The parties supplemented their briefing on that issue. After consideration of their arguments, the Court finds that the documents do meet the definition of relevant. The Court concludes that if an employee is advised to perform his or her duties in a certain way in order to comply with a law, that advice may make it more likely that the employee behaved in a certain way.

However, the Court finds that the communications from Chase's in-house counsel are privileged as they were "made to facilitate the provision of legal services" to its employees. Me. R. Evid. 502(a)(5). The Court disagrees with the Plainitiff's characterization of the documents as "primarily" business and not legal documents. They contain explicit advice from a Chase attorney to Chase's employees concerning how to comply with various statutes.

They were also communicated to a vendor, Nationwide Title Clearing (NTC) and the Plaintiff argues that Defendant has therefore waived the privilege. The Court finds that NTC is a "representative" of Chase under its agreement with Chase. It is undisputed

2

that NTC contracted with Chase to provide lien release services, including recording and returning releases to the borrowers. Plaintiff's reliance on *Harris Management, Inc. v. Coulombe*, 2016 ME 166 is misplaced. The finding in *Harris* that an individual was not a "representative" within the meaning of the Rule turned on the fact that for at least a period of time the individual was not even employed by the business who was claiming the privilege. The Court held that the person could not be a "representative" of the business during a time period he worked for a different employer.

The facts of this case are more akin to *Kohl's Department Stores, Inc. v. Liberty Mutual Ins. Co.*, 2012 WL 6650619 (Me. B.C.D. Oct. 11, 2012) and other cases where Courts have extended the privilege to contractors. *A.F. v. Providence Health Plan*, 173 F. Supp. 3d 1061,1084 (D. Or. 2016). The Court would also note that that NTC was contractually obligated to comply with Maine law.

Because the Court concludes that the attorney-client privilege applies to the documents, and that the privilege extends to NTC and was not waived, it is not necessary for the Court to address other arguments raised by the Plaintiff.

The entry will be: Defendant's Motion for Protective Order is GRANTED.

6/20/17

**DATE**

**SUPERIOR COURT JUSTICE**
**BUSINESS AND CONSUMER COURT**

Entered on the Docket: 6/30/17
Copies sent via Mail___Electronically ✓

3

**Alec T Sabina and Emma L Sabina on behalf
of themselves and all others similarly situated v.
JP Morgan Chase Bank, N.A.**

**BCD-CV-2014-61**

**Alec T Sabina and Emma L Sabina on behalf
of themselves and all others similarly situated
       Plaintiff**

     Counsel:                  Peter Van Hemel, Esq.
                                    Meredith Eilers, Esq.
                                      Michael Bosse, Esq.
                                      Daniel Mitchell, Esq.
                                      100 Middle Street
                                      PO Box 9729
                                      Portland, ME 04104-5029

**JP Morgan Chase Bank, N.A.
     Defendant**

     Counsel:                  Todd Holbrook, Esq.
                                      225 Franklin Street 16th Floor
                                      Boston, MA 02110

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-14-61

ALEC T. SABINA and EMMA L. SABINA,

                Plaintiffs,

       v.

JP MORGAN CHASE BANK N.A.,

                Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

Before the Court is Defendant JP Morgan Chase Bank N.A.'s ("Chase") Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Maine Rules of Civil Procedure. Plaintiffs allege that the Defendant violated 33 M.R.S. § 551 ("Section 551") by failing to return the Plaintiffs "original" mortgage release within the statutory timeframe. Defendant contends that the Plaintiffs have failed to state a claim upon which relief can be granted, as the statute in question does not expressly mandate that the "original" release be returned. For the reasons set forth, Defendant's Motion is GRANTED and the Plaintiffs' First Amended Complaint is dismissed with prejudice.

## II.    BACKGROUND

Plaintiffs Alec and Emma Sabina (collectively "Plaintiffs") are residents of Portland, Maine. (First Amd. Compl. ¶¶ 1, 2.) ("Compl. ¶"). Defendant, Chase is a New York corporation with its headquarters in New York, New York. (Compl. ¶ 3.) The Sabinas received a mortgage loan (the "Mortgage") from Chase or its assignor and/or predecessor on or about March 25,

1

2011. *Id.* Said Mortgage was secured by real property owned by the Sabinas and located at 302 Brackett Street in Portland, Maine. (Compl. ¶ 14.) Chase recorded the Mortgage in the Cumberland Country Registry of Deeds on or about April 12, 2011. (Compl. ¶ 15.) On or about October 24, 2013, the Sabinas paid off the Mortgage. Chase issued a written release on the same date. (Compl. ¶ 16.) Chase recorded the original written release of the Mortgage in the Cumberland County Registry of Deeds on October 28, 2013. (Compl. ¶ 17.)

Thereafter, the Cumberland County Registry of Deeds returned the original recorded release to Chase within one to two days of the date it was recorded. (Compl. ¶ 18.) On or about November 25, 2013, Chase mailed a copy of the release to the Sabinas. The actual "wet-ink" original was not mailed. (Compl. ¶ 20.) Plaintiffs contend that Chase continues to retain the original document. (Compl. ¶ 22.) Plaintiffs further contend that Chase has failed to comply with Section 551 because Chase failed to return the "original" within thirty (30) days after receiving it back from the registry. (Compl. ¶ 23.) Finally, Plaintiffs allege not only did Chase violate the statute, but it has no policies or procedures in place to ensure that the original recorded release is returned to the mortgagor in compliance with the statute.

## III.   STANDARD OF REVIEW

"In reviewing [] a motion to dismiss, [the court] consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.,* 2011 ME 46, ¶ 16, 17 A.3d 123. The Court will "examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory."[1] *Id.* (quoting *Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902

---

[1] The Maine Rules of Civil Procedure incorporate principles of notice pleading. *See e.g., Burns v. Architectural Doors & Windows,* 2011 ME 61, ¶ 21, 19 A.3d 823. Rule 8 calls for " (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief which the pleader seeks." M.R. Civ. P. 8; *see also Bean v. Cummings,* 2008 ME 18, ¶ 8, 939 A.2d

2

A.2d 830). "'Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim.'" *Id.*

The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss and must be assumed as true. *See Flaherty v. Allstate Ins. Co.*, 2003 ME 72, ¶ 12, 822 A.2d 1159; *Napieralski v. Unity Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 391. If a party brings a motion to dismiss and "the court considers appropriate materials outside the pleadings, the motion is treated as one for a summary judgment." *In re Magro*, 655 A.2d 341, 342 (Me. 1995); M.R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."); *Beaucage v. City of Rockland*, 2000 ME 184, ¶ 5, 760 A.2d 1054 ("The filing of the affidavits converted the City's motion to dismiss into a motion for a summary judgment.").

## IV. DISCUSSION

The dispositive issue in this case is whether 33 M.R.S. § 551 required Chase to mail an original release document as opposed to a photocopy of that document. Chase contends that the Plaintiffs' reading of Section 551 is flawed and contends that the plain language of the statute does not require that a mortgagee send the "original" recorded release to the mortgagor, nor does it prohibit sending a copy. (Def.'s Supp. Mot. 2.) The word "original" is absent from the statute. Further, Chase contends that the court is obligated to read the statute narrowly because is penal in nature.

---

676 (discussing pleading requirements in light of recent United States Supreme Court decisions, and noting that Rule 9(b) identifies certain claims that require a heightened pleading standard such as fraud or mistake).

Plaintiffs contend that the statute unambiguously indicates that a mortgagee "shall send *the* release." (emphasis added). There is no mention of a copy or other proof of recording as being sufficient. (Pls.' Opp. Mot 2.) Further, the title of the bill that enacted the relevant portion of Section 551 indicates that the Legislature may have intended at the time that original releases to be returned. P.L. 2011, ch. 146, § 1. Finally, the Plaintiffs contend that the statute should be construed liberally because it is remedial as opposed to penal. The Court addresses each argument below.

1. Ambiguous vs. Unambiguous

A threshold issue in determining whether Plaintiffs Complaint can survive the present motion is whether section 551 is unambiguous regarding whether a mortgagee must send the "original" mortgage to the mortgagor. When construing a statute, the purpose of the Court is to give effect to the intent of the Legislature. *Pinkham v. Morrill*, 622 A.2d 90, 95 (Me. 1993). The Law Court has noted:

> In determining the legislative intent, we look first to the plain meaning of the statutory language, and we construe that language to avoid absurd, illogical or inconsistent results. In addition to examining the plain language, we also consider "the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." If the statutory language is ambiguous, we then look beyond the plain meaning and examine other indicia of legislative intent, including its legislative history.

*Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 360 (Me. 1994) (internal citations omitted); *Sunshine v. Brett*, 2014 ME 146, ¶ 13, 106 A.3d 1123.

Section 551 states in relevant part: "Within 30 days after receiving the recorded release of the mortgage from the registry of deeds, the mortgagee shall send the release by first class mail to the mortgagor's address as listed in the mortgage agreement or to an address specified in writing by the mortgagor for this purpose." Chase notes that the word "original" is absent from

4

the statute. The Court finds that the language is reasonably susceptible to two interpretations. For example, in other provisions of title 33, the word "original" is expressly used. *See* 33 M.R.S. § 652 and § 653. However, the Legislature has also specifically indicated when copies of an original document are acceptable. *See* 33 M.R.S. § 651. "Where [the Legislature] includes particular language in one section but omits it in another . . . , it is generally presumed [to] act[] intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)). Because the Legislature Section 551 is reasonably susceptible to two interpretations, the Court finds the statute is ambiguous.

### 2. Statutory Interpretation: Penal vs. Remedial

It is next necessary to determine how Section 551 should be interpreted. If Section 551 is a "remedial" statute, a liberal construction should be applied. However, if it is a "penal" statute, a strict construction analysis is appropriate. *Burne v. John Hancock Mutual Life Ins. Co.*, 403 A.2d 775 (Me. 1979). The Law Court has indicated:

> Whether statute is penal or remedial depends on whether purpose is to punish offense against public justice of State, or to afford private remedy to person injured by wrongful act. Vol. 36-A, Words and Phrases, "Remedial Statute," p. 544).
>
> The test whether a law is penal . . . is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual, according to the familiar classification of Blackstone: Wrongs are divisible into two sorts or species: private wrongs and public wrongs. The former are an infringement or privation of the private or civil rights belonging to individuals, considered as individuals; and are thereupon frequently termed civil injuries: the latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community; and are distinguished by the harsher appellation of crimes and misdemeanors.'
>
> *Huntington v. Attrill,* 146 U.S. 657, 668, 669, 36 L. Ed. 1123, 13 S. Ct. 224.

*Michaud v. Bangor,* 160 Me. 285, 288-89, 203 A.2d 687, 689-90 (1964).

In this case, the "wrong" sought to be corrected by the statute is a wrong to the individual borrower who fails to receive his or her recorded release within the statutory timeframe. By enacting Section 551, the Legislature very clearly sought to ensure that lenders quickly and efficiently record the satisfaction of a mortgage, and that borrowers receive proof of that recording in a timely fashion. However, notwithstanding the fact that Section 551 offers a private cause of action against a noncompliant mortgagee, "[p]unitive damages by their nature are penal, not remedial. *Grich v. Anthem Health Plans of Me.,* 2007 Me. Super. LEXIS 101, *6 (Me. Super. Ct. May 18, 2007); *Braley v. Berkshire Mut. Ins. Co.,* 440 A.2d 359, 361 (stating that unlike compensatory damages, "punitive damages are not awarded as compensation for bodily injury, . . . [but rather] for the protection of society and societal order and to deter similar misconduct by the defendant and others") (internal quotations and citations omitted).

The Legislature specifically provided for exemplary as opposed to compensatory damages.[2] In such case, "the party recovering is not obliged to make any such proof of injury." *Mansfield v. Ward,* 16 Me. 433, 438 (1840). Thus, the Court finds that the character of Section 551 is Penal and should be construed strictly and narrowly. Under said construction, the ambiguity in Section 551 is resolved in favor of Chase. In this case, the word "original" does not appear in Section 551. Rather, Chase would have to imply that the Legislature meant "original" even though the Legislature did not expressly

---

[2] A penalty in the very term includes more than the real damages actually suffered. *Titus v. Frankfort,* 15 Me. 89, 94 (1838).

say "original."[3]   In Maine, "[a] statutory offense cannot be created through implication."

*State v. Wallace*, 102 Me. 229, 66 A. 476, 477.   A narrow reading of Section 551

requires that an the mortgagee mail the release back to the mortgagor within thirty days

after the mortgagee receives it from the applicable registry of deeds.   A copy of the

recorded document is sufficient to achieve this requirement.[4]

## V.   CONCLUSION

Based on the foregoing, the entry shall be:  Defendant's Motion to Dismiss is GRANTED

with prejudice.   Pursuant to M.R. Civ. P. 79(a), the Clerk is herby directed to incorporate the

Order by reference in the docket.


| 8/17/15 | /s/ |
|---|---|
| **DATE** | **M. Michaela Murphy, Justice** |
| | **BUSINESS AND CONSUMER COURT** |

---

[3] There is ambiguity as to what the "original" document actually means.  Cumberland County and many other counties throughout the State of Maine employ electronic filing methods.  In those circumstances, the original wet-ink document may never reach the applicable registry.

[4] Finally, even if the Court determined that Section 551 is remedial and interpreted the statute liberally, the Court finds that the legislative intent of ensuring timely recording of mortgages releases was satisfied when Chase sent a copy of the release to the Plaintiffs.

**Alec T Sabina and Emma L Sabina on behalf
of themselves and all others similarly situated v.
JP Morgan Chase Bank, N.A.**

**BCD-CV-2014-61**

**Alec T Sabina and Emma L Sabina on behalf
of themselves and all others similarly situated
        Plaintiff**

Counsel:                          Peter Van Hemel, Esq.
                                  Meredith Eilers, Esq.
                                  Michael Bosse, Esq.
                                  Daniel Mitchell, Esq.
                                  100 Middle Street
                                  PO Box 9729
                                  Portland, ME 04104-5029

**JP Morgan Chase Bank, N.A.
        Defendant**

Counsel:                          Todd Holbrook, Esq.
                                  225 Franklin Street 16th Floor
                                  Boston, MA 02110

|   |   |   |
|---|---|---|
| ALEC T. SABINA and EMMA L. SABINA, on behalf of themselves and all others similarly situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** |
| JP MORGAN CHASE BANK, N.A., | ) ) ) | |
| Defendant. | ) | |

## I.     INTRODUCTION

Before the Court is Defendant's JP Morgan Chase Bank, N.A. ("JP Morgan Chase") Motion to Dismiss Plaintiffs' Complaint for failure to state a claim for relief under Rule 12(b)(6) of the Maine Rules of Civil Procedure. In addition, Defendant argues that the class allegations should be stricken as they fail to plead a class-wide claim, and also because the class as defined in the pleadings is a prohibited fail-safe class.

## II.     ANALYSIS

The Court on April 6, 2015 denied motions to dismiss in two other related cases, *Alec T. Sabina and Emma L. Sabina v. Wells Fargo Home Mortgage*, CV-BCD-14-26, and *Jonathan A. Quebbeman v. Bank of America, N.A.* BCD-CV-15-01. In those cases the Court determined that the allegations made in both complaints, which are in pertinent part identical with those made here, were adequate to survive a motion to dismiss brought under Rule 12(b)(6), but the Court did order the Plaintiffs in those cases to provide more specificity. After considering the arguments presented in this matter, the Court finds no

1

reason to depart from the analysis applied in the two aforementioned cases or to come to a different conclusion with respect to whether the allegations made here are sufficient to survive a motion to dismiss under Rule 12(b)(6).[1]

The Defendant in this case makes other arguments, which is that the Plaintiffs' class allegations should be stricken as they fail to plead a class-wide claim and also that they impermissibly plead a prohibited fail-safe class.

With respect to both these arguments, the Court will deny the motion to strike the class allegations without prejudice. After reviewing the cases referred to by the parties and finding no controlling case in Maine which requires that this issue be resolved at this stage, the Court concludes that any argument regarding whether this case should proceed as a class action should be made as part of any motion made by the Plaintiff for certification of the class. The Court would note that the Defendant has raised a legitimate issue as to whether the class as defined in the current complaint constitutes a fail-safe class, and believes that this issue is a live one for all the cases referred to above, as well as the case of *Nickerson v. TD Bank, N.A.*, BCD-CV-14-64.

### III. CONCLUSION

The entry will be:

1). The Defendant's Motion to Dismiss the Plaintiffs' Complaint for failure to state a claim is DENIED. Plaintiffs have 14 days from the date of this Order to provide more specificity as to any facts that they have in their possession as to whether the Registry of Deeds returned the mortgage release to JP Morgan Chase, and if so when; and

---

[1] The complaints in these cases contain the identical allegation with regard to the alleged violation, which is that the lender in question failed to comply with Section 551 of Title 33 M.R.S.A. namely that the lender failed to mail to the mortgagor by first class mail a recorded mortgage release within 30 days of when the lender received it back from the registry of deeds.

2

to provide more specificity as to any facts that they have in their possession as to when Wells Fargo mailed the original mortgage release, or when (or if) Plaintiffs ever received it.

2). The Motion to Strike class allegations is DENIED WITHOUT PREJUDICE. Defendant may re-argue the issues regarding whether this case should proceed as a class action, and as to whether the class as defined is a fail-safe class, when the Plaintiffs file, if they do, a Motion for Certification.

This Order may be noted on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

4|13/15
DATE

M. MICHAELA MURPHY, JUSTICE
BUSINESS AND CONSUMER COURT

**Alec T Sabina and Emma L Sabinam on behalf
of themselves and all others similarly situated v.
JP Morgan Chase Bank, N.A.**

**BCD-CV-2014-61**

**Alec T Sabina and Emma L Sabinam on behalf
of themselves and all others similarly situated
Plaintiff**

       Counsel:                         Peter Van Hemel, Esq.
                                       Meredith Eilers, Esq.
                                       Michael Bosse, Esq.
                                       Daniel Mitchell, Esq.
                                       100 Middle Street
                                       PO Box 9729
                                       Portland, ME 04104-5029

**JP Morgan Chase Bank, N.A.
     Defendant**

       Counsel:                         Todd Holbrook, Esq.
                                       225 Franklin Street 16th Floor
                                     Boston, MA 02110